### J. R. GILMORE V. THE STATE.

*No. 1074.   Decided January 27th, 1897.*

**Jury Law—Jurors Who Sat Upon a Similar Case—Disqualification of.**

On a trial for a violation of local option, where the jurors on their voir dire stated, that they sat upon the jury in a similar case the day before and heard the principal State's witness in the case, who is the prosecutor in this, testify, and, from his testimony, they believed defendant was guilty of selling liquor to the prosecutor in this case; and defendant's challenge for cause being overruled, he exhausted his peremptory challenges upon some of said jurors, and the others sat upon the trial. Held: The jurors were all disqualified, and it was error to overrule the challenge for cause. Following, Shannon v. State, 34 Tex. Crim. Rep., 5.

APPEAL from the County Court of Grayson.   Tried below before Hon. J. H. WOOD, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $25, and twenty days' imprisonment in the county jail.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

HURT, PRESIDING JUDGE.—Appellant was convicted for violating the local option law, and prosecutes this appeal. From bill of exceptions No. 1, it appears that appellant was tried in the County Court of Grayson County for selling whiskey in violation of local option law to one M. A. Banks, on the 5th day of March, 1896. In this case appellant is charged with selling whiskey to one Beard, and this case was tried on the 6th day of March, 1896. E. W. Rankin, A. O. Hanlon, James Boston, William Scott, M. Daniels and Whit Mooney, were empaneled as jurors to try this case. A. O. Hanlon, James Boston, William Scott, M. Daniels and Whit Mooney, were on the jury who tried the first case. Upon that trial Beard testified as a witness for the State. He swore that appellant, on February 12, 1896, sold some whiskey to him in the local

option district.   Upon this trial Beard swore that at the same time, in the local option district, appellant sold him whiskey.   The jurors on voir dire stated that they heard Beard say on oath that the defendant had sold whiskey to him (Beard) in the local option precinct about the 12th of February, 1896, and, from what they heard said Beard testify, that they believed the defendant was guilty of selling whiskey to W. F. Beard in local option precinct, and that such belief was based on sworn testimony of the said Beard.   All of the jurors, except Mooney, state that they had formed an opinion that the defendant was guilty, as charged, of selling whiskey to Beard, and that said opinion was based upon the evidence they heard in the case tried on March 5, 1896.   Appellant challenged the jurors for cause.   The challenge was overruled, and the jurors above named sat on the case.   Appellant had exhausted his challenges.   This challenge should have been sustained, notwithstanding the jurors may have said that they had no such opinion as to the guilt or innocence of the defendant as would influence them in finding a verdict.   We do not believe we can add anything to what was said by Judge Davidson in the case of Shannon v. State, 34 Tex. Crim. Rep., 5, and see, also, Obenchain v. State, 35 Tex. Crim. Rep., 490.   An inspection of this record will show that but one issue was before the jury; that is, whether appellant sold the whiskey to Beard or not.   The minds of the jury were fixed upon this fact.   They stated that they heard Beard swear in the first trial that he had sold whiskey to him, and that they believed what he said to be true, and at that time believed it. This was not rumor or newspaper account, but the source of information was from the sworn testimony of a witness to the main fact in the case.   The judgment is reversed and the cause remanded.

*Reversed and Remanded.*