## SAM LOGAN v. THE STATE

### No. 4429. Decided January 27, 1909.

#### 1.—Local Option—Jury and Jury Law.

Where upon trial for a violation of the local option law, defendant was required to proceed with his selection of a jury with only seven jurors in the box, without furnishing him with a full panel, there was no error.

**2.—Same—Argument of Counsel.**

Where upon trial for violation of the local option law, the court orally instructed the jury to disregard the statement of State's counsel that defendant was a boot-legger, and no charges were requested by defendant with reference to the alleged illegal argument there was no reversible error.

**3.—Same—Complaint—Words and Phrases.**

Where upon trial for a violation of the local option law, the language of the affidavit was more or less obscure if not meaningless, but on closer inspection of same was found to be partly written and partly printed, and although inartistically drawn clearly charged the offense, the same was sufficient.

Appeal from the County Court of Fannin. Tried below before the Hon. H. A. Cunningham.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and 60 days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—In this case the appellant was convicted in the County Court of Fannin County on a charge of unlawfully selling intoxicating liquors and his punishment assessed at a fine of $100 and sixty days in the county jail.

1. Complaint is made of the action of the court in requiring appellant to proceed with the selection of a jury with only seven jurors present in court and in the box, and the refusal of the court to furnish him with a full panel of twelve jurors. There was no error in the action of the court in respect to this matter. Article 686, Code Criminal Procedure; Speiden v. State, 3 Texas Crim. App., 156; West v. State, 7 Texas Crim. App., 150.

2. Complaint is made of the argument of the county attorney in discussing the case before the jury in which, in substance, it is stated that said counsel told the jury that the appellant was a boot-legger, and had set up in the whisky business and was engaged in the sale of whisky in the town of Honey Grove; that this was not an ordinary case of whisky selling, but was a case of a boot-legger regularly engaged in the whisky business, and that under the law the State is not allowed to prove other sales made by him. This bill is approved by the court with the explanation and statement that the county attorney stated, that the facts in evidence showed defendant was a boot-legger and had set up a whisky shop; that he did not say that the State was not allowed to prove other sales, etc.; that this statement was made by the assistant county attorney, and on objection the jury was instructed orally by the court to disregard the statement; that no charges were prepared and asked to be given by the defendant or his attorney with reference to any alleged illegal argument. We think as presented, in view of the explanation

of the court, that the matter is not of such gravity or importance as to require a reversal.

3.   The appellant filed a motion in arrest of judgment, calling in question the sufficiency of the affidavit.   The ground of the motion is, "that said affidavit is defective, in that it alleges as follows:   That 'H. C. Lee being duly sworn deposes and says, that before he has good reason to believe and does believe making this complaint in Fannin County, Texas, on or about the 27th day of June, 1908, one Sam Logan did then and there unlawfully sell to James Hunt intoxicating liquors.' "   This language is more or less obscure, if not meaningless.   There appears in the record before us, a copy of the complaint partly written and partly printed.   There is an insertion of some written matter in the affidavit between the words "before" and "making."   As we read the affidavit and, as to our minds it is clear that it should be read, it would read thus:   "Before me, the undersigned authority, this day personally appeared H. C. Lee, who being by me duly sworn, deposes and says that he has good reason to believe and does believe that before making this complaint in Fannin County, Texas, on or about the 27th day of June, A. D. 1908, one Sam Logan did then and there unlawfully sell to James Hunt."   The affidavit is somewhat inartistically drawn, but that it charges an offense against the law seems clear, and we think tested by any fair rule of construction it is sufficient.

There are no other questions in the case demanding discussion. The judgment is affirmed.

*Affirmed.*