JEFF RILEY v. THE STATE.

No. 7305. Decided February 7, 1923.

Rehearing Granted March 21, 1923.

**1.—Theft—Want of Consent.**

Upon trial of theft of fowls under the value of fifty dollars, there was no error in permitting the daughter of the owner to testify that the chickens were bought the day before the night they were taken; that she saw them go to roost, and etc., and that she knew that her mother did not give her consent to the taking of the fowls.

**2.—Same—Evidence—Identity of Property.**

Where there was no dispute as to the identity of the property, there was no error in permitting the sheriff to testify that the property was identified by the owner, and that she described same before she saw it. Following West v. State, 31 Texas Crim. Rep., 251.

**3.—Same—Jury and Jury Law—Rule Stated—Peremptory Challenges.**

If after excusing the disqualified jurors, in a case in the County Court, there remain as many as six, or in the District Court, there are as many as twelve, the accused cannot demand that others be put in the box before exercising his peremptory challenges, and where in the County Court there
93 T. C.—42

were only three jurors in the box, the defendant could not be called upon to exercise his peremptory challenges, and to compel him to do so is reversible error.

Appeal from the County Court of Erath. Tried below before the Honorable William Arch Jones.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50, and confinement of thirty days in the County Jail.

The opinion states the case.

*Oxford & Johnson,* for appellant.—On question of peremptory challenges: Hurst v. State, 101 S. W. Rep., 806, and cases cited in the opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Erath County of misdemeanor theft, and his punishment fixed at a fine of $50 and confinement in the county jail for thirty days.

Appellant was charged with the theft of some fowls from a Mrs. James. It was not erroneous to permit the daughter of Mrs. James to testify that her mother did not give appellant her consent to the taking of said fowls. This witness testified that the chickens were bought the day before the night when they were taken; that she saw them go to roost, and that she spent the night with her mother that night. Her testimony that she knew that her mother did not give her consent to such taking, was not necessarily hearsay or the opinion of the witness, but may have been based wholly and entirely upon facts known to said witness. The tracks of a truck and of two human beings in the vicinity of the home of Mrs. James, were seen and testified to. The morning following the night of the loss of the fowls, appellant and a companion were found in possession of a truck whose tracks were similar to those seen in the neighborhood of Mrs. James' home, and in said truck were the chickens and turkeys which were identified by the daughter of Mrs. James as those taken from her mother. Appellant had claimed the chickens as his to another witness who had seen and tried to buy them. There is a bill of exceptions to the testimony of the sheriff to the effect that the alleged stolen property was identified by Miss James, and, that before she saw same she described it to him. Mr. Branch cites many authorities in Section 2482 of his Annotated P. C., supporting the proposition that when the identity of the alleged stolen property is not disputed in the testimony, the admission of evidence such as that here complained of, does not call for a reversal. The property in question was identified by the two daughters of Mrs. James beyond any question, and there is

no dispute of the fact of identity. West v. State, 31 Texas Crim. Rep., 251.

That the number of jurors in the box, in a County Court case or a District Court case, may be reduced by excuses to less than six in the one instance or less than twelve in the other, and the court refuse to fill the panel before requiring the parties to pass on the jurors in the box, presents no reversible error. Speiden v. State, 3 Texas Crim. App., 156; West v. State, 7 Texas Crim. App., 150; Logan v. State, 55 Texas Crim. Rep., 180. The case of Hurt v. State, 101 S. W. Rep., 806, cited by appellant, is upon an entirely different proposition. The cases above cited and others make it evident that it was not error for the trial court in this case, the number of jurors appearing in the box being only three, to require the appellant to pass upon these three before filling the panel. After accepting said three jurors, appellant could not be heard to complain that thereafter other jurors whom he thought to be more favorable, were brought in and he was denied the privilege of using a challenge upon one of the three original jurors, all of whom had been accepted by him. Appellant complains in his motion for new trial that one of the original three jurors, who was foreman of the jury that tried him, was objectionable. No ground of objection is stated, nor is any reason made to appear why appellant did not use a peremptory challenge upon said juror when he passed upon the question of taking the three men who were present in the box.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

March 21, 1923.

MORROW, PRESIDING JUDGE.—All of the men summoned on the venire for the week were disqualified and excused by the court except three. The appellant requested the court to fill the panel before requiring him to exercise his peremptory challenges, at least to put enough men in the box to constitute a jury if no challenges were exercised. This motion was overruled, and appellant was required to pass upon the three jurors without any knowledge as to the identity of the talesmen that would later be called and upon whom he would be required to pass. He asserts in his bill that one of the three jurors was objectionable but that he was deterred from exercising the peremptory challenges upon him by the fear that there might be talesmen who would be more objectionable. A closer examination of the cases to which we adverted in the original opinion reveals the fact that all of them were cases in which there was a sufficient number of veniremen in the box to constitute a jury. In other words, those cases support the proposition that if after excusing the disqualified jurors in a case in the County Court there remains as many as six, or in

the District Court there are as many as twelve, the accused cannot demand that others be put in the box before exercising his peremptory challenges. In the Speiden case (3 Texas Crim. App., 156) there were eighteen men in the box, and in West's case (7 Texas Crim. App., 150) there were twenty-one men in the box. These were felony cases, and in the case of Logan v. State (55 Texas Crim. Rep., 180), a misdemeanor case, there were seven men in the box. In each of these cases, the demand by the appellant that the panel be filld was rejected and properly so. The statutes upon the subject (Arts. 703, 704, 705, 706, and 708, C. C. P.) we believe are expressions of the Legislative intent and direction that if in a County Court there be less than six jurors in the box, that talesmen must be called so that there will be at least six men from whom to select a jury before the accused shall be required to exercise his peremptory challenges. Article 706, supra, reads thus: "If the number of jurors be reduced by challenge to less than twelve in the District Court, or six in the County Court, the court shall order other jurors to be drawn or summoned, as the case may be, and placed upon the lists *in place of those who have been set aside for cause.*"

Article 704, C. C. P., reads thus: "When there are not as many as twelve names drawn from the box, if in the District Court, or, if in the County Court, as many as six, the court shall direct the sheriff to summon, etc."

In Article 708, C. C. P., it is said: "When a juror has been challenged and set aside for cause, his name shall be erased from the lists furnished the parties, and when there are twelve names remaining on the list not subject to challenge for cause, if in the District Court, or six names, if in the County Court, the parties shall proceed to make their peremptory challenges, if they desire to make any."

The construction of these statutes for which appellant contends we believe is that which accords with that given by this court in the case of Davis v. State, 9 Texas Crim. App., 634. At all events, it seems clear upon the reading of the statutes, particularly Article 708, supra, that the statutory law requires that there be, in County Court cases, six men in the box before the accused may be called upon to exercise his peremptory challenges. The procedure in the instant case was contrary to this and the other statutory provisions mentioned, and the bill of exceptions shows that the appellant was diligent in endeavoring to induce the court to proceed in accord with the statute.

Upon a reconsideration of the record we think that the failure of the court to do so was error requiring a reversal of the judgment.

The motion for rehearing is therefore granted, the affirmance set aside, the judgment reversed and the cause remanded.

*Reversed and remanded.*