## BOB REICH v. THE STATE.

### No. 7277.   Decided May 30, 1923.

1.—Manufacturing Intoxicating Liquor—Negative Averments—Indictment.

Upon trial of manufacturing intoxicating liquor, after the recent amendment, no negative averments are necessary, as were required in offenses committed prior to November 15, 1921, at which time the statute was amended. Following Plachy v. State, 91 Texas Crim. Rep., 405.

2.—Same—Conflict of Laws.

The so-called Dean Law is not void by its alleged conflict with similar laws enacted by Congress. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 521.

3.—Same—Jury and Jury Law—Peremptory Challenges.

After excusing the jurors who were disqualified there remained twenty-two in the panel, and the trial court committed no error in refusing to fill the panel preliminary to the exercising of peremptory challenges. Following Speiden v. State, 3 Texas Crim. App., 156, and other cases.

4.—Same—Jury and Jury Law—Secret Organization—Ku Klux Klan.

Where, preliminary to the trial of unlawfully manufacturing intoxicating liquor, defendant informed the court that a number of veniremen were believed by defendant's counsel to be members of a secret organization known as the Ku Klux Klan, and that many of the cases on the docket had been discussed by members of said organization, that prejudice had been engendered thereby, and on account of this requested the court to permit him to inquire of the jurors on their *voir dire* whether or not they were members of the organization, the request should have been granted, and the refusal thereof was reversible error.

Appeal from the District Court of Wood.   Tried below before the Honorable J. R. Warren.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Jones & Jones,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

94 T. C.—29

MORROW, Presiding Judge.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The indictment contained no averments to the effect that the intoxicating liquor was not manufactured for one of the purposes permitted by the Constitution and statutes. It was filed in March, 1922. The date of the offense was laid on the 10th of November, 1921, and "anterior to the presentment of the indictment." The attack on it because of the absence of the negative averments is deemed unsound. Such averments were required in offenses committed prior to November 15, 1921, at which time the statute was amended. The present indictment would have limited the proof to an offense committed subsequent to that date and prior to the filing of the indictment, but would not have vitiated it. See Plachy v. State, 229 S. W. Rep., 979. The so-called Dean Law is not void by its alleged conflict with similar laws enacted by Congress. Ex parte Gilmore, 88 Texas Crim. Rep. 521.

After excusing the jurors who were disqualified, there remained twenty-two in the panel. The trial court committed no error in refusing to fill the panel preliminary to the exercising of peremptory challenges. See Speiden v. State, 3 Texas Crim. App. 156; Logan v. State, 55 Texas Crim. Rep. 180; West v. State, 7 Texas Crim. App. 150; also Riley v. State, 93 Texas Crim. Rep., 205, 249 S. W. Rep. 1066.

Preliminary to the trial, appellant told the court that a number of the veniremen were believed by appellant's counsel to be members of a secret organization known as the Ku Klux Klan; that according to his information, many criminal cases pending in Wood County had been discussed by the members of that organization and speeches had been made in their lodge rooms insisting upon convictions in criminal cases and that for the reasons stated he feared that prejudice had been created against him and against his case, and on that account he requested the court to permit him to inquire of the jurors on their voir dire whether or not they were members of the organization mentioned. The court refused this request, to which action appellant took exception and now presents the matter for review. Ten peremptory challenges are allowed the accused in felony cases less than capital. In Art. 690 of the Code of Crim. Proc., it is said:

"A peremptory challenge is made to a juror without assigning any reason therefor."

Under the practice in this State, the right to interrogate veniremen on their voir dire is not open to question. This may be done in order to elicit facts that will enable them to exercise their right of peremptory challenge in an intelligent manner. This must, of course, within reasonable limits, be determined under the facts of the particular case by the trial judge. His discretion in the matter,

however, has limitations, and when abused, will be corrected upon appeal. Cyc. of Law & Proc., Vol. 24, p. 338, 3rd subdivision of the text, notes 23 & 24; H. & T. C. Ry. Co. v. Terrell, 69 Texas Reports 650; Barnes v. State, 88 S. W. Rep. 805; Patrick v. State, 45 Texas Crim. Rep. 587. Upon the facts revealed by the bill of exceptions in the instant case, it is conceived that the inquiry proposed was a proper one. The information which was called for was certainly calculated to have enabled appellant to intelligently exercise his peremptory challenges. We fail to discern anything in its nature that would give the court the discretion to deny the privilege of propounding the questions. Illustrative cases are numerous. See Houston v. State, 83 Texas Crim. Rep., 190, 202 S. W. Rep. 84; De Arman v. State, 80 Texas Crim. Rep. 147, 189 S. W. Rep. 145; Hibbitt v. State, 70 Texas Crim. Rep., 527, 236 S. W. Rep. 739; Crow v. State, 89 Texas Crim. Rep., 149, 230 S. W. Rep. 739; Stagner v. State, 9 Texas Crim. Rep. 440; Lavin v. State, 69 Illinois 303; Miller v. State, 207 S. W. Rep. 797; Smith v. State, 190 Pac. Rep. 107; Barnes v. State, 74 Texas Crim. Rep. 501.

The facts set forth in the bills of exception, in our opinion, reveal error requiring a reversal of the judgment, which is ordered.

*Reversed and remanded.*