AUGUSTINE PENA, ALIAS ARCHIE PARR V. THE STATE.

No. 12111. Delivered·June 18, 1930.
Second motion for rehearing granted June 18, 1930.
Reported in 29 S. W. (2d) 785.

On second motion for rehearing.

Former opinion set aside, and cause reversed and remanded.

For former opinion, see 24 S. W. (2d) 396.

*Sid B. Malone,* of Beeville, for appellant

*A. A. Dawson,* State's Attorney, of Austin, for the State.

ON SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—After the district attorney had completed his examination of the jury panel and before the appellant began his examination, his counsel made a request of the court that the jurors be retired and arrangement be made whereby he could make an examination separately of each of the jurors. The motion was denied, and the examination of the jurors was made by counsel for the appellant while the whole panel was present. During his examination a number of statements made were regarded by counsel as prejudicial to his client and his case. One of the veniremen stated that he had gotten the impression that the appellant was a bootlegger and understood that there were eight indictments pending against him. Another said that he had heard much about the accused and had the impression that his reputation was bad; that he had a fixed opinion that the appellant was a bootlegger. Another stated that he had heard that the appellant was a bootlegger, and that he re-

ceived this information partly from the appellant's counsel, who, at the time he made the statement, was district attorney. Each of the jurors was challenged for cause and the challenges overruled. They were excused by the accused upon peremptory challenges. In qualifying the bill, the court states that the jurors said they would disregard their opinions, and states that the fact that the jurors had heard the appellant was a bootlegger and regarded as a bootlegger was drawn out on voir dire examination by the appellant's counsel.

From another bill, it appears that the district judge stated from the bench in the presence of the jury panel that he was calling the cases against Augustine Pena, alias Archie Parr, and in reply to an inquiry by the district attorney, the court said that there were nine cases against the appellant.

From Bill of Exception No. 20, it appears that the appellant excepted to the charge upon the ground:

"That said charge wholly fails to in effect instruct the jury that the fact that other indictments may have been returned against this defendant shall in no manner be taken into consideration or used by them as a circumstance against this defendant in determining whether he is guilty, and in said exception defendant set forth that upon the call of this case in the presence and hearing of the regular jury, from which the jurors who tried this case were selected, the District Attorney and court in effect advised said jurors that other indictments were pending against this defendant, while the defendant's reputation was in no manner put in issue by the evidence in this case."

The selection of a jury in a felony case less than capital is controlled by Chapter 4, Title 8, C. C. P. In Art. 626 of that chapter is the provision, according to the accused, of the right to excuse a juror on a peremptory challenge. The right to an examination upon the voir dire is essential. Reich v. State, 94 Tex. Cr. R. 449; Moore v. State, 98 Tex. Cr. R. 163. It is not required that each of the veniremen be examined separately in the absence of the others. The control of the matter, within certain limits, is within the discretion of the trial judge.

In the case of Bradley v. State, 256 S. W. 292, upon the subject, the following remarks were made:

"This court has never held that it was reversible error to permit the members of the panel not yet examined to sit in the court-room while the respective jurors were being tested on their voir dire. In

the instant case the bill of exception does not show that any request was made for the retirement of those not yet called, nor is it made to appear that anything transpired during the examination of said jurors which could have affected the fairness of appellant's trial."

In the present instance, it is made to affirmatively appear that the appellant requested that he had the privilege of examining the veniremen separately and that there existed reasons therefor. It further appears that answers of those jurors who were examined in the presence of their fellows, as set forth in the bill of exceptions, demonstrate that in the particular instance there were sound reasons for making a request for the granting of the privilege. The fact that it was shown by the examination of the proposed jurors that the appellant was under other indictments, that he bore the reputation of a bootlegger was given in answer to the inquiry made by his counsel, does not relieve him of the injurious effect of such responses. It is true the jurors who made the remarks were challenged by the appellant and did not sit on the jury, but that the remarks they made in the hearing of the other jurors were necessarily of a prejudicial nature and under the facts as developed it seems obvious that the exception to the charge which is set forth above should have brought forth the response from the trial judge to instruct the jury that the injurious matter developed in the voir dire examinations should not be used against the accused. Taken in its entirety, the matter presented by the bills occurs to the writer to be inimical to a fair trial by an impartial jury. The penalty assessed is double the minimum allowed by law, and in the opinion of the writer the procedure mentioned should work a reversal of the judgment.

On the original hearing the minds of the court were directed to the construction of the statutory provisions with reference to the change of jury commissioners, and the matter which is the subject of this opinion was overlooked. The bearing of the procedure upon the merits of the appeal makes it imperative that the present motion for rehearing be entertained and that it be granted; that the affirmance of the judgment be set aside and that the cause be reversed and remanded. This order is accordingly made.

*Reversed and remanded.*