R. F. WARD v. THE STATE.

No. 13425.   Delivered October 8, 1930.
Reported in 31 S. W. (2d) 638.

The opinion states the case.

*Baker & Baker* of Coleman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

Upon this trial appellant wanted to ask each juror on his voir dire if he was in favor of the law of reasonable doubt in criminal cases.  The court declined to allow such practice.  As appears from said bill the court told counsel for the defendant that he might explain to the jurors regarding the law of reasonable doubt and presumption of innocence, and ask them if they were prejudiced against either of these laws, or if for any reason they would hesitate to follow the court's charge in these respects.  This counsel declined to do, and the court then made such explanation and asked the jury such questions.  We think the court within his discretion in such ruling.  The facts in the Plair case, 279 S. W. Rep. 267; the Hirschberg case, 299 S. W. Rep. 641, and the Tubb case, 5 S. W. Rep. (2d) 152, clearly differentiate them.  To undertake to raise an issue about a rule of law in vogue in every criminal case tried in this State, and to ask each juror such questions, would immeasurably delay the trial of cases and serve no good purpose.

Appellant and his witnesses seemed to base the defense on the proposition that on the occasion in question appellant sold coca cola and not whisky.  The alleged purchaser first said that what he

bought was imitation whisky; he was then asked if it was whisky or not and said it was bootleg whisky. Objection to this was that same was the opinion and conclusion of the witness. We think the objection without merit.

We see no valid objection to the questions of State's attorney to defense witness Mrs. Brown as to whether her husband was dead or alive, and where he lived. The purpose of the questions was not disclosed as the court sustained objection to the question as to where her husband lived,—but we are unable to see any possible injury.

The argument of State's counsel is complained of in a number of bills of exception. It appears from one of these that while State witness Stacy said he bought the whisky in question, and that it was served to him in a glass, and that he saw no bottle, the defense witnesses said appellant served Stacy coca cola and soda water out of a bottle, and that in argument the State's attorney said: "They frequently serve whisky in coca cola bottles," which was objected to and a special charge asked telling the jury not to consider it. Another bill complains of the fact that the State's attorney said to the jury: "A bootlegger can always get more witnesses than the State can," which argument was objected to and a special charge asked telling the jury not to consider it. Another bill of exception sets out that the State's attorney said to the jury: "I don't know the character of these women but I do know good pure women would not associate with a woman who had been convicted in this court for driving a car while drunk," which remarks were objected to and a special charge asked instructing the jury not to consider them. The record shows that all these charges were refused. The testimony in the case was in a condition of conflict, four witnesses testifying for the defense and one for the State. It is impossible for us to say that the remarks attributed to the State's attorney in his argument and complained of in the several bills of exception referred to, were not as to material matters, injurious to appellant, and that same may have turned the scales in the minds of the jury against him. The court certifies in these bills of exception as follows: "That there was nothing in the record to authorize said remarks and that the matters occurred as above stated."

Being of opinion that the matters complained of were such as might have injuriously affected the rights of the appellant, and that same were erroneous, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*