LEON RUSHING v. THE STATE.

No. 13424. Delivered October 29, 1930.
Rehearing Denied February 25, 1931.
Leave to File Second Motion for Rehearing Denied March 18, 1931.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The State's witness testified that he purchased a pint of whisky from appellant at a filling station. Testifying in his own behalf, appellant denied that he was at the filling station, and declared that he had no transaction with the witness.

Bill of exception No. 1 reflects the complaint of appellant that his counsel was unduly restricted in his voir dire examination of the jurors. The inquiry of counsel was: "Are you in favor of the law of reasonable doubt in criminal cases?" The court declined to permit the question to be asked, but advised appellant's counsel that he might explain to the jurors the law of reasonable doubt and presumption of innocence, and might ask if they were prejudiced against either of said laws, and if for any reason, they would hesitate to follow the court's charge relative to said laws. Counsel declined to ask the questions, but the court explained the law of reasonable doubt and presumption of innocence to the jury and propounded to them the questions counsel for appellant had declined to ask. Under the holding of this court in R. F. Ward v. State, 116 Texas Crim. Rep., 292, 31 S. W. (2d) 638, delivered October 6, 1930, the court was within his discretion in such ruling.

In bill of exception No. 3 appellant contends that his counsel was unduly restricted in the cross-examination of the State's witness Barringer. This witness had testified on direct examination that the sale of whisky occurred in the afternoon. On cross-examination he was asked by appellant's counsel if he would say that the transaction did not take place at eleven o'clock in the morning. The witness replied that he was not positive whether it was in the morning or in the afternoon. Whereupon appellant's counsel asked the following question: "Do you now swear to the jury that it did not take place in the morning at eleven o'clock?" The district attorney objected on the ground that the question had been answered. The court sustained the objection. We are unable to reach the conclusion that the bill presents error. It appears that the

witness had answered the question propounded to him by appellant's counsel.

It appears from bill of exception No. 4 that Mrs. Smoot, a witness for appellant, had testified on direct examination that she was at the place where State's witness claimed to have bought whisky from appellant, and that appellant was not there at said time. Upon cross-examination the district attorney asked the witness where her husband was. Appellant objected and the objection was sustained. The question was not answered. We are unable to tell in what particular the asking of the question would have prejudiced the rights of appellant. Ward v. State, supra.

Bill of exception No. 5 relates to the argument of the district attorney to the effect that a cousin of appellant was charged in the Federal Court with a felony. It appears from the bill of exception that this cousin, in testifying for appellant, admitted that he was charged with a felony in the Federal court. It was proper for the district attorney to discuss the matter as affecting the credibility of the witness.

In his argument to the jury, the district attorney stated that appellant's reputation was not good, as he "would not be hanging around such a place" if he had a good reputation. Appellant objected to the remarks and the court declined to instruct the jury to disregard them, although appellant presented a written instruction covering the matter. The bill is qualified with the statement that the argument was in response to the argument of appellant's counsel to the effect that a hard-working negro of good reputation should not be convicted on the evidence adduced by the State. It is the rule that the accused is not entitled to complain of the argument of State's counsel which is occasioned and justified by the argument of his own counsel. Section 363, Branch's Annotated Penal Code.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the motion for rehearing the appellant renews his complaints of the various matters discussed in the original opinion.

As reflected by the bill of exception, the action of the court with reference to the voir dire examination of the members of the jury panel was not an undue abridgement of the appellant's conceded right to

acquire, by examination of the jurors, information upon which he might intelligently form a conclusion with reference to challenges. In the action of the court upon the subject nothing is perceived which is in conflict with the announcement of this court in the case of Plair v. State, 102 Texas Crim. Rep., 628, 279 S. W., 267. In the Plair case it was held that it was an undue restriction of the appellant's 'right to deny him the privilege of propounding a *proper question* to the members of the panel *individually,* they being assembled in the court-room for examination. The question involved was whether in the minds of the jurors there was a feeling against the suspended sentence law as would prevent them from giving the accused the benefit of such law if the facts proved were such as to demand it. In the present case, the question was whether each individual juror was *in favor of the law of the presumption of innocence.* In denying the appellant's counsel the privilege of asking the question mentioned the court stated to counsel that he was privileged to explain to the jurors what the law was, and what the court would charge on the law of reasonable doubt and presumption of innocence, and that counsel might ask them if they were prejudiced against either of said laws. Upon the counsel's refusal to adopt such procedure the court stated to the members of the jury that they were to presume that the accused was not guilty until his guilt was proved by legal and competent evidence beyond a reasonable doubt, and that their oaths as jurors would bind them to obey the law; that if any of them were prejudiced against the law of reasonable doubt or presumption of innocence, or if upon that subject there was any hesitation upon the part of any of the jurors they should indicate it. As the bill is understood, it reflects the complaint of the action of the court in refusing to allow counsel to ask each of the jurors whether he was in favor of the presumption of innocence and reasonable doubt. The bill does not manifest the complaint of the refusal of the court to permit each of the jurors to state, in response to a proper question, whether he would accord or deny the benefit of the law on the presumption of innocence and reasonable doubt. As the matter is presented, the procedure followed is not deemed such as to warrant a reversal of the judgment.

Nothing in the decision of this case is intended to change or modify the announcement of this court touching the respective rights of court and counsel in the selection of the jury panel, as reflected by the opinions of this court in the cases of Kerley v. State, 89 Texas Crim. Rep., 199, 230 S. W., 163; Reich v. State, 94 Texas Crim. Rep., 449, 251 S. W., 1072; Barnes v. State (Texas Crim. App.), 88 S. W., 805; Gilmore v. State, 37 Texas Crim. Rep., 81, 38 S. W., 787; Plair v. State, 102 Texas Crim. Rep., 628, 279 S. W., 267, and Ward v. State, 116 Texas Crim. Rep., 292, 31 S. W. (2d) 638. The right of the accused for such purposes to interrogate the individual juror, is, in the mind of the writer,

not open to question; nor is the judicial discretion of the court to control the extent of the examination and limit it to proper questions debatable. As stated above, an inquiry, as in the present case, as to whether the jurors are *in favor of a general law* of the state *is not deemed a proper question.*

From bill No. 6, as qualified, it appears that in his argument to the jury counsel for the appellant said that "a hard-working negro of good reputation should not be convicted on the evidence in this case." In reply State's counsel said: "The defendant's reputation is not good. If it were he would not be hanging around such a place."

The court refused to instruct the jury to disregard the argument of State's counsel mentioned. The bill does not inform this court whether the appellant's reputation was an issue in the case or whether there was testimony upon the subject. Neither does the bill disclose to what reference was made by counsel for the State in using the language "hanging around such a place."

A further discussion than that made in the original opinion of the other matters of which the appellant complains is unnecessary.

The motion for rehearing is overruled.

*Overruled.*

## ON SECOND MOTION FOR REHEARING.

MORROW, Presiding Judge.—In his application for leave to file a second motion for rehearing the appellant complains that bill of exception No. 3 was overlooked. The witnesses Brand and Barrington were under the rule. Brand testified for the State that the sale took place in the afternoon. He was excused and Barrington was called. He also testified that the sale took place in the afternoon. On cross-examination, the witness testified that he did not recollect telling the appellant's counsel that the sale took place about eleven o'clock in the morning. Appellant's counsel then asked Barrington if he would now say that the sale did not take place at eleven o'clock in the morning. The witness replied, "I will say to you I was not positive whether it was morning or afternoon." Appellant's counsel then said, "Do you now swear to the jury that it did not take place in the morning at eleven o'clock?" The objection that the witness had given an answer to the question was sustained. Apparently the witness had answered the question. We think the bill shows no error. We will add that the bill fails to show the materiality of the inquiry.

The application to file a second motion for rehearing is denied.

*Overruled.*