## DOCK ELLIOTT v. THE STATE.

No. 14031. Delivered March 4, 1931.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; penalty, confinement in the penitentiary for one year.

Brand, the alleged purchaser, testified that on a certain day he purchased a pint of whisky from the appellant who conducted a tourist camp.

Testifying in his own behalf, the appellant denied the sale. He

stated, however, that he was visited by Brand, who claimed that, due to the sickness of his wife, he was greatly in need of whisky, and was informed by the appellant that he had none. Tomlin, who was present, proposed to give Brand a pint of whisky and handed a bottle of whisky to the appellant, who handed it to Brand. This version of the transaction was verified by the testimony of Tomlin and his wife. That the general reputation of Brand for truth and veracity was bad was declared by a number of witnesses. That his reputation in that respect was good was vouched for by several other witnesses.

When the jury panel was called into court and sworn to answer questions, the appellant demanded that the jurors be brought into the court-room individually to the end that each might be examined in the absence of the others. In refusing to grant this request we think no error was committed. The control of the matter was one within the discretion of the trial judge save in exceptional cases. See Penn v. State, 114 Texas Crim. Rep., 29, 29 S. W. (2d) 785.

After the jurors were assembled and sworn to answer questions the appellant sought the privilege of propounding to each individual juror the inquiry as to whether he was in favor of the law of presumption of innocence. The request was properly refused. See Rushing v. State, 117 Texas Crim. Rep., 288, 36 S. W. (2d) 159. The court gave instructions to the jury that they were bound to give effect to the law of presumption of innocence and reasonable doubt, and that they would be so instructed in the charge of the court. In beginning his examination of the jurors for the purpose of determining whether to challenge them, the appellant asked the first juror whether he was prejudiced against any man charged with the violation of the liquor law. Before the juror could answer, the court interposed, stating to the appellant that he might propound that to the jury as a general question but that he would not be permitted to propound it to the jurors individually. Under the facts of the case, the question is deemed a pertinent one, in reply to which the accused was entitled to have the answer of each individual juror. The action of the court was an undue restriction of the appellant's right to inform himself of the attitude of each member of the panel to the end that he might intelligently exercise his peremptory challenge or challenge for cause, as the facts developed might warrant.

From the case of Kerley v. State, 89 Texas Crim. Rep., 199, 230 S. W., 163, 164, the following quotation is taken:

"As related to a peremptory challenge, a juror is 'objectionable' whom the accused on trial, desiring to eliminate, makes known his wish in a timely and orderly manner. A peremptory challenge is, in our statute, defined as 'a challenge made to a juror without assigning any reason therefor.' C. C. P., Art. 609. It is the privilege of accused to exclude from jury service one who, in his judgment, is unacceptable to him.

Thompson on Trials, Vol. 1, Sec. 43. In conferring it, the law gives effect to the natural impulse to eliminate from the jury list not only persons who are rendered incompetent for some of the disqualifying causes named in the statute but persons who, by reason of politics, religion, environment, association or appearance, or by reason of the want of information with reference to them, the accused may object to their service upon the jury to which the disposition of his life or liberty is submitted."

See also Reich v. State, 94 Texas Crim. Rep., 449, 251 S. W., 1072; Barnes v. State (Texas Crim. App.), 88 S. W., 805; Gilmore v. State, 37 Texas Crim. Rep., 81, 38 S. W., 787; Plair v. State, 102 Texas Crim. Rep., 628, 279 S. W., 267; Ward v. State, 116 Texas Crim. Rep., 292, 31 S. W. (2d) 638.

Complaint is made of some remarks of counsel for the State in the nature of testimony to the effect that some of the witnesses for the appellant had perjured themselves, which remarks should have been withdrawn at the request of the appellant. As they are not likely to occur upon another trial a discussion of them is deemed unnecessary. The other objections to the remarks of counsel are not deemed tenable.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*