284

## LEWIS WILKINSON v. THE STATE.

No. 15079.  Delivered March 16, 1932.

The opinion states the case.

*O. H. Henley,* of Jacksboro, and *Jeff A. Fowler,* of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, possession of intoxicating liquor for the purpose of sale; the. punishment, confinement in the penitentiary for three years.

Bill of exception No. 3 complains of the action of the trial court in refusing to allow appellant to examine each member of the panel separately. The bill shows that before counsel for both sides began their voir dire examination of the jury the court directed the counsel to examine the jury collectively, whereupon the defendant requested the court to allow him to examine each member of the panel separately, which request was refused by the court and the defendant was compelled to examine the jury by general questions directed at the jury panel as a whole.  We think the learned trial judge fell in error in this matter.  As said by Presiding Judge Morrow in the case of Plair v. State, 102 Texas Crim. Rep., 628, 279 S. W., 267: "To prepare himself for the intelligent exercise of the peremptory challenges allowed him by statute, one accused of crime has the right, through his counsel, to direct to the veniremen appropriate questions.  See Vernon's Tex. C. C. P., art. 690; Belcher v. State, 96 Texas Crim. Rep., 383, 257 S. W., 1097, and precedents cited therein.  He has such right also when his questions are framed with the view of challenging for cause.  In each instance, it is within the province of the presiding judge to limit and control the examination; and in so doing, his discretion is broad, but does not embrace the right to deny the privilege of having counsel examine the veniremen.  When the effort is to lay a predicate for challenge for cause,

the relevancy and materiality of the question propounded and the answer sought is important, in order that the trial court may intelligently rule. * * * In ascertaining whether a peremptory challenge is to be used, the inquiry is intended to elicit information upon which the accused or his counsel may determine whether the privilege of arbitrarily excusing the juror shall be exercised."

We think it clear that the right to appear by counsel carries with it the right of counsel to interrogate each juror individually, to the end that he may form his own conclusion as to whether in the counsel's judgment he would be acceptable to him or whether on the other hand he should exercise a peremptory challenge to keep him off of the jury. Reich v. State, 94 Texas Crim. Rep., 449, 251 S. W., 1072; Barnes v. State (Texas Crim. App.), 88 S. W., 805; Gilmore v. State, 37 Texas Crim. Rep., 81, 38 S. W., 787; Kerley v. State, 89 Texas Crim. Rep., 199, 230 S. W., 163. Because the court erred in refusing to permit appellant's counsel a reasonable opportunity to examine the jurors individually on their voir dire, it is our opinion that the judgment should be reversed and cause remanded.

Appellant's other two bills of exception have been examined but do not show reversible error as presented.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.