ALLIE DAVIS V. THE STATE.

No. 19674.   Delivered May 4, 1938.

The opinion states the case.

*E. G. Pharr* and *C. C. McKinney,* both of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property under the value of $50; the punishment, confinement in jail for 60 days.

The State's evidence was to the effect that E. C. Carmichael stole an automobile from Lloyd Wilson of the value of approximately $35. Appellant bought the car from Carmichael.

Appellant testified that he bought the car in good faith and had no knowledge that it had been stolen by Carmichael at the time he received it. He submitted a special charge covering this affirmative defense. Also its omission from the main charge was properly excepted to. The court declined to amend the charge and refused the requested instruction. The matter presents reversible error. It has been uniformly held that an affirmative charge should be given presenting the defensive theory if supported by any testimony. Littlejohn v. State, 56 S. W. (2d) 876.

The State relied upon circumstantial evidence, and an unqualified charge on the subject should have been given. The court's qualification to the charge, in instructing the jury that the State relied in part upon circumstantial evidence, was erroneous.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.