RALPH SALYER v. THE STATE.

No. 20062.    Delivered December 21, 1938.

The opinion states the case.

*W. C. Wofford,* of Taylor, and *Willard E. McLaughlin,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is murder. The punishment assessed is confinement in the State Penitentiary for a term of five years.

It appears from the record that early in the afternoon of August 13, 1937, appellant and his father went in an automobile

to the town of Granger, in Williamson County. On their way home that afternoon they stopped at a gasoline station and beer tavern owned and operated by the deceased, Mrs. Sue Benad, where they drank a bottle of beer. While there, appellant and Lee Gunn, an employee of the deceased, became involved in a fist fight. After the fight had ceased and they, appellant and his father, were about to leave, the deceased came out to their car and said: "You are not going to leave here," and endeavored to take the switch key out of their car. Appellant pulled her away, and according to the State's testimony, knocked her down and kicked her. When she arose she hurriedly entered her place of business and returned with a pistol in her hand and said: "You are not going to get away from here alive. I am not afraid of Jesus Christ and him crucified." Appellant's father grabbed the pistol and while the two were struggling over the possession of it, appellant ran up and took the pistol away from them. He fired several shots at Lee Gunn, who, appellant claimed, was advancing upon him with a large rock. Two of the shots took effect and when he fell to the ground, appellant shot the deceased (Mrs. Benad) in the back as she was going upon the porch of her place of business. The injured woman died before she could be taken to a hospital.

Appellant claimed that he acted in self-defense of himself and his father. He testified that after he had fired at Lee, he saw Mrs. Benad going upon the porch in the act of entering her place of business and he shot her because he believed that she was going after another gun to carry her threat into execution.

By bill of exception number one, appellant complains of the court's action in overruling his application for a continuance based on the absence of three witnesses, to-wit: Mrs. Ralph Salyer, his wife, Elwood Walker and Paul Bubenk. He alleged that he expected to prove, and would have proved, by his wife had she been able to be present at the trial that several weeks prior to the time of the commission of the offense, he received a severe head injury while working on an oil rig; that as a result of said injury he suffered much pain and could not sleep at night. He made no contention that at the time of the commission of the offense or at any other time he was insane and did not know the right from the wrong. It is apparent from his statement of what he expected to prove by her that her testimony was not material to any defensive theory advanced by him.

He stated that by Walker and Bubenk he expected to prove

that each of said witnesses saw him a short time before the alleged offense was committed; that they talked with him and each of them would have testified that he was not drunk on the occasion in question. The court qualified the bill and in his qualification states that Elwood Walker was in attendance at court but that appellant did not use or offer him as a witness. Consequently no error was committed by the court's overruling of the application.

Bill of exception number two shows that the court had excused a number of the special veniremen drawn as prospective jurors for this cause. That when appellant objected to talesmen being summoned, the court directed the sheriff to resummon the excused jurors which was done, and they were tendered to appellant for examination as to their qualifications in the order in which their names appeared on the original list. We fail to see just how or in what manner appellant was prejudiced by the court's action.

Bills of exceptions numbers three, five and six are without merit and we see no need in discussing them.

Bills of exceptions numbers four and seven are in question and answer form without a certificate from the trial court that it was necessary that they be in such form. This Court has many times held that it will not consider any bill of exception in such form unless the trial judge certifies that it is necessary that it be in such form. See Palmer v. State, 116 S. W. (2d) 387, and authorities cited.

Appellant urged a great number of objections to the court's charge which he has brought forward by separate bills of exceptions. To discuss each of them would unnecessarily extend this opinion and serve no useful purpose. We deem it sufficient to say that we have carefully examined the court's charge in the light of the objections and reached the conclusion that the charge is not subject to the criticisms addressed thereto.

All other matters complained of by appellant have been examined by us and are deemed to be without merit.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

GRAVES, JUDGE, did not participate in the consideration of this case.