# NOVEMBER 1, 1944

RAMON DIAZ, JOSE DIAZ, AND NESTER DIAZ v. THE STATE.

No. 22870. Delivered June 23, 1944.
Rehearing Denied November 1, 1944.

The opinion states the case.

*Baker & Baker* and *R. E. Murphey,* all of Coleman, for appellants.

*Ernest S. Goens,* State's Attorney, for Austin, for the State.

DAVIDSON, Judge.

Appellants Ramon Diaz, Jose Diaz, and Nester Diaz, together with Saragosa Diaz and Ramon Diaz, Jr., were jointly indicted and jointly tried for robbery of Luciano Cardenas. Saragosa Diaz and Ramon Diaz, Jr., were acquitted. The appellants were convicted, and the punishment of each was assessed at confinement in the State penitentiary for five years.

The facts are very much in dispute.

According to the State's theory, which finds support in the testimony, Ramon Diaz assaulted the injured party by striking him over the head with a piece of iron pipe, knocking him down, after which another of the appellants robbed him by taking from his pants pocket a purse containing something over $200.00. The testimony further showed that the three named appellants actively participated in the robbery.

The defensive theory, which finds support in the testimony of all five of the parties charged with the crime, was: That no robbery was effected by them or by either of them; that the injured party was not robbed, and that he received his injuries

as a result of a fight which was begun by him and his companions against the accused parties, in which he attempted to strike Ramon Diaz with the iron pipe, to prevent which, and in defense of which, Jose Diaz struck him with a rock.

The case was submitted to the jury under the law of principals.

Appellants contend that the facts called for a charge on circumstantial evidence, and that the trial court erred in failing to so charge the jury. With this contention we are not in accord. That the three named appellants were, according to the State's testimony, active participants in the robbery was established by direct testimony. Appellants' guilt did not, therefore, depend upon circumstances.

In submitting the defensive theory, the trial court instructed the jury to the effect that, if it entertained a reasonable doubt that the injured party attempted to strike the defendants or either of them with the piece of pipe and that the defendants acted to defend themselves or either of them from such attack by the injured party, and without any intent to rob him, it should acquit them. It is insisted that such charge did not properly or sufficiently present the defensive theory, in that it coupled with the self-defense theory the lack of intent to rob, and that, if the assault upon the injured party was in self-defense, the appellants were entitled to be acquitted. A special charge presenting the defensive theory in that light was requested and refused.

If we comprehend the appellant's position, it is that, if the injured party was making an attack on any or all of the accused parties, and if, in defense thereof, the injured party was struck with a rock, an acquittal should follow.

The offense of robbery is composed of two constituent elements: (a) the assault, violence, or putting in fear; and (b) the fraudulent taking of property as a result thereof.

An assault committed in self-defense is, of course, a justifiable one, but such an assault may be utilized to effectuate a robbery; that is, after such an assault has been committed, the intent to rob may be formed and effectuated as a result thereof.

We are unable to agree that, under the facts here presented, appellants were entitled to have the jury instructed in accordance with the charge as requested.

Bills of exception appear complaining of the cross-examination of Saragosa Diaz while testifying as a witness in his own behalf. This witness was acquitted by the jury. He is not one of the appellants here. If the appellants felt that they were aggrieved or injured by said cross-examination, or by the acts and conduct of State's counsel in connection therewith, their remedy would have been to have had the jury instructed not to consider the same against them. It must be remembered that coindictees are not permitted to testify in behalf of each other. Art. 711, C. C. P. Therefore, any objection to the cross-examination was peculiarly in the witness Saragosa Diaz, and he is not here complaining thereof.

Complaint is made of the testimony of the attending physician as to the nature and extent of the injuries sustained by the injured party. Based upon his examination, the doctor, after describing the wounds, was permitted to express the opinion that the wounds so found were made with a blunt instrument of some character; and that same could have been inflicted by the piece of pipe exhibited to the witness. It has long been the established rule of evidence that a physician who has examined and described a wound may express an opinion as to probable cause, nature, and effect thereof. The authorities supporting the rule are numerous and will be found collated in 11 Texas Digest—Criminal Law—Key 476, page 693.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In their motion for rehearing appellants apparently rely chiefly upon two contentions, (a) that the case is one of circumstantial evidence, and that the court was in error in not instructing upon such issue: (b) that the evidence is insufficient to support the verdict and judgment. These contentions have made it necessary to again review the facts in detail. Such review emphasizes the statement in the beginning of our original opinion that "The facts are very much in dispute." The testimony of the witnesses for the State and those for appellants is irreconcilable. If the State's witnesses are to be believed,—and

the jury accepted their version as true—it takes the case out of the rule of circumstantial evidence and furnishes direct evidence which supports the verdict and judgment. The testimony of appellants and their witnesses is to the effect that there was no robbery; but only a fight which was precipitated by Luciano Cardenás and his companions. It would be difficult to find a case which more clearly calls for the application of Art. 657 C. C. P. which says: *"The jury are the exclusive judges of the facts, but they are bound to receive the law from the court and be governed thereby."* In view of the facts we cannot say there was no evidence to sustain the verdict. It would extend this opinion to unpardonable length to set out the evidence pro and con upon which we base our conclusion, but state only the result of our patient resurvey of the record. To hold with appellant would invade the province of the jury.

We have again examined all of appellants' bills of exception. Considering them in connection with the court's explanation and other evidence found in the record we still think no reversible error is presented.

The motion for rehearing is overruled.