**Emmitt Ray LIVINGSTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42148.**

Court of Criminal Appeals of Texas.

July 16, 1969.

Rehearing Denied Oct. 29, 1969.

Blanchard, Clifford, Gilkerson & Smith, by E. W. Smith, Lubbock, on appeal only, for appellant.

Blair Cherry, Jr., Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault with a firearm; the penalty, ninety-nine years.

The record reflects that when Officers Aycock and Gibb stopped for a Coke at Godwin's Service Station at night, a robbery was in progress. Appellant was holding a pistol in his hand. Shooting broke out as the officers approached, and the three robbers ran out of the station. The service station operator was killed. Appellant was shot, but he managed to run through weeds for some distance. He was later discovered at a loading dock of another building wounded and bleeding. A thirty-two caliber pistol with two fired and four unfired cartridges was found within a few feet of appellant. Six thirty-two caliber cartridges were found in appellant's clothing. The same gun that was found near appellant had been bought by an Emmitt Livingston at the Huber Pawn Shop approximately a month before the date of the robbery.

Some ninety-four dollars was found to be missing from the cash register at the service station. Some sixty-four dollars and fifty cents was found along a blood stained trail between the station and the place where appellant was located by the officers.

Three prior felony convictions against appellant were proved at the penalty stage of the trial.

In the first ground of error complaint is made that a prospective juror made a prejudicial statement during voir dire examination of the jury and the judge would not strike the jury panel.

Jack Reeves, a former investigator of the district attorney's office, was being questioned as a prospective juror when he stated that he knew the prosecuting attorney, the defense counsel and the judge and that in all probability he knew the appellant, "and in all fairness to the court and to you —I feel as I sit here right now—I may feel that Mr. Brown (appellant's trial counsel) is starting a little behind, let's put it that way." He further testified that he could be fair. The court excused Reeves.

Appellant's trial counsel moved to strike the jury panel, because of the statements made by Reeves in the presence of the other prospective jurors. The motion was overruled.

Appellant cites Pena v. State, 114 Tex.Cr. R. 29, 29 S.W.2d 785. There prospective jurors stated, among other things, that the accused was a bootlegger and had eight indictments pending against him and that his reputation was bad. Challenges for cause were overruled. Pena asked that the jury be instructed not to consider the other indictments pending against him. The court reversed because of the injurious statements made during the voir dire examination and the refusal of the judge to instruct the jury not to consider such statements.

■ In the present case the prospective juror stated that in all probability he knew appellant. He stated that he could hear the case and be fair. He did not state anything derogatory about appellant. There was no request to have the jurors disregard his remarks. See McLarty v. State, 165 Tex.Cr.R. 64, 302 S.W.2d 420, and the authorities therein cited. No reversible error being shown, the first ground of error is overruled.

■ In the second ground of error complaint is made that the court erred in charging the jury that the State relied "in part upon circumstantial evidence for a conviction." He contends that by the use of the words "in part" the trial court commented upon the weight of the evidence by indicating that there was direct evidence presented by the State.

Appellant, in his brief, correctly states that the court was not required to charge on circumstantial evidence. There was direct evidence that appellant was seen taking part in, and fled the scene of, the robbery. See Thomas v. State, Tex.Cr.R., 387 S.W.2d 665, and Diaz v. State, 147 Tex. Cr.R. 560, 182 S.W.2d 805.

Davis v. State, 134 Tex.Cr.R. 470, 116 S.W.2d 387, cited by appellant, held where the State relied upon circumstantial evidence the qualified charge that the State relied in part on circumstantial evidence was error. In Murray v. State, 13 Tex. Cr.R. 98, 18 S.W.2d 921, reliance was had on circumstantial evidence to prove the main fact. The trial court had charged the jury that the State relied in part upon circumstantial evidence. This was held to be error, but the court stated that it was not prepared to say that the same would constitute reversible error. The case was reversed on other grounds.

The correct rule is found in 31 Tex.Jur. 2d, Sec. 124, page 691:

"In a criminal case that rests *wholly* on circumstantial evidence, it is error to convey to the jury the impression that it rests partly on circumstantial and partly on direct evidence." (Emphasis Added)

In the present case there was direct evidence and the State did not have to rely upon circumstantial evidence even in part.

Article 36.19, Vernon's Ann.C.C.P., provides that where requirements concerning charges to the jury have been disregarded

"the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial."

This was not a circumstantial evidence case and no error calculated to injure appellant appears in the charge. The second ground of error is overruled.

The judgment is affirmed.