## SAM REES v. THE STATE.

### No. 8395.   Decided June 18, 1924

**1.—Unlawfully Carrying a Pistol.**

Where, upon trial of unlawfully carrying a pistol, the evidence raised the issue of innocent intention and want of knowledge of the presence of the pistol, and the court's charge failed to mention the defensive theory that the pistol was placed in the car without the knowledge of the defendant and that his discovery of same was by accident, and that he is not guilty of carrying the same about his person, the judgment must be reversed and the cause remanded.   Following:   Miles v. State, 52 Texas Crim. Rep., 561, and other cases.

**2.—Same—Evidence—Hearsay.**

Where the State was permitted to introduce testimony that in the absence of the appellant one of his brothers said that the pistol belonged to the appellant, the same was inadmissible and reversible error.

Appeal from the County Court of Bee.   Tried below before the Honorable Felix J. Hart.

Appeal from a conviction of unlawfully carrying a pistol ; penalty, a fine of $100.00.

The opniion states the case.

*B. D. Tarlton,* and *Black & Morrow,* for appellant.—On question of knowledge and intent: Davis v. State, 237 S. W. Rep., 925; Pyka v. State, 192 id., 1066, and cases cited in opinion.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully carrying a pistol; punishment fixed at a fine of one hundred dollars.

Vance Smith and others were riding with the appellant, Sam Rees, in his automobile.   Smith was intoxicated and made an attack with a knife upon the appellant, who struck him on the head with a pistol.   The only time the pistol was seen by the witnesses who were in the car was at the time the blows were struck.   The pistol was immediately thereafter surrendered.   According to his testimony, when attacked by Smith, appellant reached under the seat of the car for the pliers, and his hand touched the pistol.   He had no knowledge that it was in the car.   The brother of the appellant had used the car in going to and returning from a town in one of the nearby counties, and according to his testimony, had left his pistol under the seat of the car.

The trial was had before the jury.   The court's charge failed to

mention the defensive theory arising from appellant's testimony, and by exception to the charge and by special charges requested and refused, that omission is properly brought before this court for review. If the pistol had been placed in the car without the knowledge of the appellant, and his discovery was by accident as he was reaching for the pliers to defend himself against the attack of Smith, he was not guilty of carrying the pistol on or about his person. Miles v. State, 52 Texas Crim. Rep., 561. Nor was he guilty of that offense if, on finding the pistol under the circumstances detailed, he used it as a bludgeon in the affray with Smith. To this effect the precedents are numerous. Many of them are collated in Pyka v. State, 192 S. W. Rep., 1066. To them we refer for the reasons supporting them.

A witness was permitted to testify that in the absence of the appellant, one of his brothers said that the pistol in question belonged to the appellant. This was not admissible as original evidence. If, after proper predicate, it had been introduced for impeachment, the rule would be different.

From what has been said, it follows that the judgment must be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*