### DAVE LILLY v. THE STATE.

No. 9678.    Delivered January 13, 1926.

**Carrying a Pistol—Charge of Court—Defensive Theory—Improperly Refused.**

Where, on a trial for carrying a pistol, appellant's defense, supported by testimony was that he did not carry the pistol to the place where he admitted striking a person with it, but that it was handed to him by some one, when the difficulty occurred in which he used it as a bludgeon, such defensive issue should have been presented

in the court's charge, and its refusal necessitates the reversal of the case.

Appeal from the County Court of Polk County.    Tried below before the Hon. R. H. Jones, Special Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*B. F. Campbell* of Livington, for appellant

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense; punishment fixed at a fine of $100.00.

There was a Christmas Tree gathering at the Sunflower School House.   The appellant, his two brothers and many other people were present.   A fight took place in which Peyton Bailey and the appellant participated.   Appellant was struck by Bailey under the belief that appellant had made a disturbing noise.   Appellant was either pushed or knocked out of the door into the yard.   His brother seized Bailey until the appellant re-entered the door and struck him with a pistol.   No pistol had previously been seen in the possession of the appellant.   He introduced much affirmative testimony supporting his own to the effect that he did not carry a pistol to the gathering but that after the fight began and as he was knocked out of the house, some one unknown to him put the pistol in his hand and he used it as a bludgeon but with no effort to shoot.   The evidence also affirmatively showed that he did not carry the pistol away.

Appellant sought by exception to the charge and by special charge to have the jury instructed in substance that if he did not carry the pistol to the place of difficulty but that after the fight began it was handed to him and that he had no other connection with it than to use it in the fight, he would not be guilty.   In our opinion, it was appellant's right to have this defensive theory submitted to the jury. The cases of Pyka v. State, 192 S. W. Rep. 1066; Rees v. State, 263 S. W. Rep. 910, and the precedents to which reference is made in those decisions support the contention of the appellant.

A witness testified that he got possession of the pistol after the affray and subsequently delivered it to the father of the appellant. This testimony was received over the objection of the appellant. In our opinion, if it is offered upon another trial, it should be rejected.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*