## J. L. DENNING V. THE STATE.

No. 11823. Delivered June 6, 1928.
Rehearing denied June 28, 1928.

The opinion states the case.

*Chas. C. Triplett* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

Bob Crump testified that he went to appellant's place of business and asked him if he had any whiskey to sell; that appellant said for him to come back in thirty minutes; that he returned at the appointed time and appellant delivered to him a half gallon fruit jar of whiskey, for which he paid appellant $5.50. Appellant testified that he told Crump he would see if he could get the whiskey for him and for him to come back in thirty minutes; that he, appellant, got the whiskey from a Mexican and delivered it to Crump; that he gave Crump's money to the Mexican; that he had no interest in the sale and merely got the whiskey to accommodate Crump.

The defensive theory of agency was affirmatively submitted.

Bill of exception Number 1 presents the following occurrence: Several jurors were well acquainted with the state's witnesses and testified on their voir dire examination that they were on friendly terms with said witnesses, and that they did not know appellant. The court refused to permit appellant to ask the jurors whether in case of a conflict in the testimony they would give the same weight to the testimony of witnesses who were strangers to them as they would to witnesses with whom they were acquainted. The court instructed appellant's counsel that he might ascertain from the jurors whether their acquaintance with the state's witnesses might influence their verdict; whether they were biased in favor of the state on account of their acquaintance with the state's witnesses; and whether by reason of such acquaintance they would prejudge the credibility of the witnesses. The court did not abuse the discretion which the law vested in him to hold within proper bounds the inquiry of prospective jurors upon their voir dire examination. The question sought to be asked the jurors would have required them to have passed upon the credibility of the witnesses and the weight to be given to their testimony before the testimony of such witnesses had been heard. If the question was proper, which is not conceded, the line of interrogation which the court advised appellant's counsel he

might pursue would have enabled appellant to intelligently exercise his peremptory challenges, as well as to interpose challenges for cause.

While testifying on direct examination for the state Crump stated that he had approached appellant relative to a purchase of whiskey and that appellant told him to come back in thirty minutes and he would sell him some whiskey. For the purpose of impeaching the witness appellant asked him on cross examination: "Can you tell the jury why it is that in answer to the question at that time, as to what this conversation was, the same question Mr. Bradley asked you here now, that you didn't tell about his requiring you to· come back in a half hour. Why did you omit that in the Preliminary Hearing?" The court sustained the state's objection to the question. The bill fails to show that the identical fact claimed to have been omitted by the witness was called to his attention on the preliminary hearing. In his Annotated Penal Code of Texas, Section 173, Mr. Branch states the rule as follows:

"To entitle a party to impeach a witness by proof that he now states something which he omitted to state on a former occasion, it must be shown that the identical fact was called to the attention of the witness on such former occasion."

See also Roberts v. State, 156 S. W. 651.

Among other things, appellant testified on direct examination as follows:

"The whiskey I delivered to Mr. Crump was obtained by me from a Mexican who was fixing his truck on a vacant lot back of my filling station. I was simply delivering the whiskey, as a matter of accommodating Mr. Crump, he having stated that he had driven a long way, and needed some whiskey."

Appellant also testified in response to questions by his counsel that the Mexican in question had driven to his place of business and asked him, appellant, if he wanted to buy some whiskey. In this state of the record, it was not reversible error for the court to refuse to permit appellant to state that the Mexican had previously told him that he was selling whiskey for a living.

Finding no reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the State.

156

LATTIMORE, JUDGE.—Appellant asserts that our opinion is contrary to other opinions of this court, and cites Jackson v. State, 115 S. W. Rep. 262, as supporting the proposition that he should have been given opportunity to explain his transaction with the Mexican from whom he claimed to have gotten the liquor which he sold. His defensive theory was that he acted as agent for the purchaser. He asserts that we were in error in our opinion in regard to a statement of his knowledge of the business engaged in by said Mexican. We quote from the testimony of appellant:

"I had known the Mexican that I am talking about for about three weeks. I never bought any whisky from him for anybody else. I knew he was selling it because he gave me a drink. He let me know that he would sell it, but I never gave him any answer. In compliance with what he told me I went and got some whisky from him."

We fail to see how further testimony that said Mexican was engaged in bootlegging could have lent force to appellant's plea that in getting the liquor in question he was acting as agent for the purchaser.

The motion for rehearing will be overruled.

*Overruled.*