## BOB SANDERSON V. THE STATE.

No. 17296.   Delivered March 6, 1935.
Rehearing Denied April 3, 1935.

The opinion states the case.

*Martin & Shipman* and *Smith & Eplen,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense; penalty assessed at a fine of $100.00.

Appellant possessed a mortgage upon an automobile belonging to Leon Jackson, a colored man, who was janitor of the First Baptist Church of Abilene.   Jackson requested the appellant to defer at least a part of the payment of the mortgage, claiming that he was unable to pay the entire amount at the time but could pay half of it.   Appellant insisted that payment

in full be made or that the car be stored. While riding in his automobile with a companion, appellant had an interview with Jackson and verbally demanded that the debt be paid or the car stored. Appellant had a pistol in the car at the time. From Jackson's testimony, it appears that appellant exhibited a pistol in a threatening manner. Appellant claims that on the night previous there had been a celebration in which he and others fired some pistols, and that at the time of the interview with Jackson, he did not know that the pistol was in his car. He did not exhibit the pistol to Jackson. When he entered the car he did not know that the pistol was there. When discovered, the pistol was in a scabbard, and it was thrown behind the seat of the car.

From the appellant's testimony and from that of certain peace officers, it was shown that appellant was in the habit of traveling; that during his travels he was a collecter of money. He had sought and obtained from the officers the privilege of carrying a pistol in his automobile or on his person. Appellant did not understand that the peace officers had no right to give him authority to carry a pistol. Apparently the officers did not know that they were not privileged to give appellant such permission.

Appellant requested the court to give to the jury several special charges. The first was that the term "traveler" be defined as "one who goes from place to place, as a salesman; as a common traveler." The second was to the effect that if appellant did not know that the pistol was in the car when he got in it and did not after observing it, exhibit it with any intent to violate the law, he should be acquitted.

Special Charge No. 3 is in substance to the same effect as Charge No. 1, namely, that if appellant had been advised by officers that he was privileged to carry a pistol due to the nature of his business and that he honestly believed that he had such right, there should be an acquittal.

Special Requested Charges Nos. 4 and 5 present substantially the same contentions as Special Charge No. 3.

In the exceptions to the court's charge, there is a paragraph complaining that there being evidence that appellant had a pistol and had fired a pistol on the night before at a celebration in which others had done likewise, there were two transactions, and that there should have been an election between them and an instruction upon the subject by the court. We fail to find any exception to the charge or a special charge upon the subject. That is to say, there is no exception to the introduction of

the testimony, nor was there any exception or special charge to the court requesting an instruction upon that subject. This being a misdemeanor case, the necessity for a special charge upon the matter was imperative in order to invoke consideration on appeal. See Burrows v. State, 57 S. W. (2d) 846; and cases; also Texas Jur., vol. 4, p. 74, sec. 47; and Wills v. State, 77 S. W. (2d) 875.

Touching the special charges, it is thought that the alleged facts upon which appellant relies do not bring his act within any of the exceptions to article 483, P. C., 1925, which would justify his possession of the pistol under the circumstances detailed.

The court embraced in his charge the following:

"Article 484 of our statutes provides that Article 483 shall not apply to persons traveling, nor to the carrying of arms on one's own premises or place of business."

There appears no evidence that at the time in question the appellant was a traveler.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant, as he had a right to do, defended upon two seemingly inconsistent grounds. He claimed, —and offered testimony to support the claim,—that he believed he had a right to carry a pistol because he was a collector. He offered the testimony of an officer who said he thought appellant had a right to carry a pistol, and that he had told appellant so. Appellant testified "I thought I was a traveler and a collector of money and was exempt under the law,—from what they told me, I did have a right to carry a pistol. I would not have carried the pistol had they not told me that I had this right. I did not intend to violate the law."

Appellant also testified that he had been out to a New Year celebration the night before, on which occasion he carried the pistol in question and joined other citizens in firing it and making hilarious noises. It seems that when the next day he started in his car to hunt for Leon Jackson, who owed him some money, —he discovered after he had gone part of the way that his pistol was in his car, and claiming he had no way to dispose of it, he carried it to where he found Jackson, who was the State's witness in making out its case, and who testified when appellant came to see him and he refused and was unable to pay appellant, the latter pulled a pistol and pointed it at him.

If we understand appellant, he lays no stress on his "Traveler's defense," but claims that a special charge, hereinafter further discussed, should have been given, and also that the State should have been required to elect between transactions, that is between the transaction testified to by the State witness Jackson, and the transaction testified to by appellant himself as of the night before. It seems to us that appellant's testimony regarding the carrying of any pistol the night before was offered by him only in explanation of how the pistol came to be in his car on the day and occasion in question. We do not understand from this record that the State asked for a conviction, or claimed in any way that appellant was guilty of carrying the pistol on New Year's eve, and there seems no need for any order requiring the State to elect between transactions in such case.

The charge above referred to and requested by appellant was as follows: "If you believe from the evidence that the pistol charged to have been carried by the defendant was in the car, and that the defendant did not know that said pistol was in the car at the time he drove off to find the prosecuting witness Leon Jackson, and that defendant when he did discover that said pistol was in the car, put it up under the seat, and did not then have a chance to dispose of it, and further that at the time and place the defendant did not intend to violate the law, or if you have a reasonable doubt thereof, you will acquit the defendant."

This does not present a correct proposition of law as applicable to the facts. One who with knowledge that he is in possession of or carrying a pistol,—may not go about his pleasure or business as he sees fit, and then when found in possession of such pistol claim exemption from punishment upon the proposition that after he left his home or office he discovered himself in possession of the pistol, and believed that he might thereafter lawfully carry it the rest of his intended trip or journey or day. The case of Miles v. State, 108 S. W., 378, cited by appellant, is not in point. Miles put on a coat and while wearing it was arrested and searched and a pistol found in the pocket of the coat. Miles testified upon his trial that he did not know, till same was found by the officer, that the pistol was in said coat pocket. For refusal of the trial court to charge that if the jury believed, or had a reasonable doubt of the fact, that Miles did not know he had the pistol on his person prior to his arrest, they should acquit,—the case was reversed. This is a vastly different situation from the one here involved.

The case of Rees v. State, 263 S. W., 910, also cited, seems to have no application.

Appellant seems to contend upon principle that one may walk out of his yard and start down the street, and discover that he had a pistol in his overcoat pocket, and it being more convenient for him to go on to his office or place of business, or wherever he had started, than to go back home and dispose of the pistol without carrying it anywhere, he proceeds to go wherever he pleases, and then claim exemption from violating the law. Such we do not believe to be a correct understanding.

The motion for rehearing will be overruled.

*Overruled.*