TRUDO COCHRAN v. THE STATE.

No. 18079.  Delivered April 8, 1036.
Rehearing Denied May 27, 1936.

The opinion states the case.

*E. B. Simmons,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder one Edward Richard Haynes, punishment being assessed at fifteen years in the penitentiary.

The prosecution here grew out of the same transaction upon which the conviction of Brice Cochran for assault to murder was based and in which latter case judgment was affirmed on March 18th, 1936, the number of said case in this court being 18064. (Reported on page 379 of this volume). The facts were not set out in the opinion referred to and we mention them briefly here.

The State's evidence supports the following conclusions. Haynes was a taxicab driver. On about May 4th, 1935, he had taken one of the drivers home; as he was starting back to the office of the taxi company appellant, his wife, and a man named Robinson got in the cab. When they reached the office Haynes told the parties the fare was fifteen cents. Appellant became angry and started a fight with Haynes. Appellant was worsted in the fistic encounter. He made threats to kill Haynes and stayed around near the office for some time seeking an opportunity to renew the trouble, but Haynes avoided him. Late in the afternoon of May 14th, 1935, Haynes was in a coffee shop when appellant's wife came in from a back room; she recognized Haynes. He went out and started away and heard someone say "That is the s— of a b———." Behind him he saw appellant, Brice Cochran and Wilbur Gamble. They were walking towards Haynes with their hands in their pockets. Haynes attempted to run through an alley to get away from them. Appellant drew his pistol and fired three times at Haynes. A shot struck and knocked him down. He was kicked in the face several times by appellant, who was cursing and telling Haynes to die. Brice Cochran then took the pistol from appellant, saying, "Let me kill the s— of a b———," and another shot was fired. Brice Cochran left the scene as officers were approaching, taking the pistol with him. Gamble testified for appellant to the effect that when appellant's wife came back into the room at the coffee shop she told appellant that Haynes was out in front and said he was going to kill appellant; that they did not come out until they thought Haynes had gone, but when they got outside he was standing there and appellant asked about what his wife had reported, whereupon Haynes said, "I have told her I am going to kill you, and I am," at the same time reaching for his pocket; that appellant grabbed Haynes and during the fight several shots were fired. The

State's evidence from a number of witnesses showed that Haynes was unarmed at the time.

By bills of exception one and two appellant brings forward complaint that while prospective jurors were being questioned by the district attorney they were asked if they were acquainted with certain named people, to which appellant objected, advising the court that none of the persons inquired about had been subpoenaed in the case by either side, and had no interest therein. It appears from the qualification placed by the court upon each of said bills that no reversible error was committed by the court in overruling the objection. As we understand the bills, some of the parties inquired about were companions of appellant, and others had tendered themselves as sureties on his bonds. The inquiry was made as a basis for the exercise by the representative of the State of peremptory challenge.

By bills of exception numbers four and five appellant complains of proof by two witnesses of statements made by appellant right at the time of his arrest by officers, and while he was continuing or attempting to continue, the assault upon Haynes by "stomping" him with his feet. The qualifications to the bills as well as the statement of facts show very clearly that the statements made by appellant were res gestae of the assault and proof of such statements was properly admitted.

Bill of exception number six, when considered in connection with the qualification thereto presents no error, and we think, calls for no discussion.

The only point briefed is raised by bill of exception number three, it being contended that by the incident complained of the State put appellant's general reputation in issue. The bill recites that while Haynes was on the witness stand he was permitted, over objection, to testify as follows:

"I was in the Texas Theater Building at the Drug Store. I usually go in there and talk to this lady. I have known her for about two years, and she is a pretty nice lady, and a good friend to me. I went in there and I had one little place up here (indicating to forehead) that looked like it had been scratched or rubbed, and she remarked about it. I said, 'Yes, I have had a fight with Trudo Cochran.' She asked me about it, and I told her about him cursing me, and about striking at me. She said, 'Yes, I know the Cochrans,' and she said, 'I have drunk beer with them a few times.' She said, 'They are pretty tough customers,' and I said, 'Yes, they are, and a fellow told me they are pretty tough customers.' I said, 'several

people have told me the same thing, that they would walk up behind you and shoot you or knife you.' I said, 'he has threatened to kill me, and I have been told before by two or three other parties that he threatened to kill me.' I said, 'it is getting rather serious now. I am rather afraid they are going to try to shoot me or knife me, and I am going to have to protect myself. I guess I will have to get a gun and leave it in the office. I am trying to avoid trouble with them.' I told her that he had been blowing off that he was going to get me, and that anyway no one could give him a black eye and get away with it. And then he told me that he was going to shoot me or get me. I said, 'I am going to have to go get a gun, and if he makes a move that he is going to get me, or try to kill me, I will have to protect myself.' "

At the time appellant objected to the introduction of this testimony he did not state any ground of objection, the bill reciting only that he "duly objected." It is apparent from the qualification to the bill that the court admitted the above testimony because appellant himself had recalled the witness Haynes and had gone into the conversation had by him with the lady in the drug store, no reference to which conversation had been made when Haynes testified originally on direct or cross-examination. The evidence developed by appellant with reference to such conversation when he recalled Haynes is incorporated in the court's qualification to the bill of exception as follows: "I was in the Texas Theater Drug Store about three or four days after I had the fight with Trudo Cochran and I stated to the girl in there that I had beat him up and I said that he had threatened me and had threatened to kill me and that I would have to protect myself and I stated that I was going to have to get a pistol if he bothered me. I said I would have to get one and put it in the office, and protect myself against him if he tried to bother me. People told me that I had been threatened and that he had threatened to kill me and they told me I had better watch out and I told them that if he tried to bother me I would have to get a pistol and protect myself because he would walk up behind me and knife me."

The fight referred to was the one between Haynes and appellant which occurred some ten days before the assault out of which this prosecution grew. We believe the court's action in permitting the State to inquire further into the conversation between Haynes and the lady in the drug store is supported by Art. 728, C. C. P., which provides that when a part of a conversation is put in evidence by one party, the whole on the

same subject may be inquired about by the other. Many authorities construing such article will be found cited under Art. 728, Vernon's Texas C. C. P., Vol. 2, and in the 1935 Cumulative Pocket Part thereof.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—After a careful re-examination of the record in the light of the appellant's motion for rehearing, we are constrained to adhere to the conclusion announced in the original opinion.

The motion for rehearing is overruled.

*Overruled.*