LESLIE A. AVANT V. STATE

No. 27,636. June 8, 1955

Holt & Norton, by Marion G. Holt, Nacogdoches, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, 30 days in jail and a fine of $100.00. The grounds of aggravation alleged were that serious bodily injury was inflicted.

Barron and Strong (the injured party) refereed a basketball game between Jacksonville and Gladewater which terminated unpleasantly for Gladewater. The appellant was the brother of

the captain of the Gladewater team. After the game was over, the automobiles driven by Strong and the appellant came to a stop some distance from Jacksonville; the appellant got out of his automobile and came back to the automobile occupied by Barron and Strong. The glass on the driver's side was broken, and Strong sustained a serious injury to his eye as the result of flying glass. These facts seem to be undisputed.

Barron and Strong testified that as they left the gymnasium they noticed the appellant, that he said something which they could not understand, and they proceeded on to their automobile and started home, but that some distance from Jacksonville the appellant overtook them and forced their automobile to a halt. They stated that when the appellant come up to their automobile on the driver's side where Strong was seated he asked them if they were satisfied with the way they had worked the game and when they replied that they had done the best they could the appellant said that he was not satisfied. They testified that at this juncture Strong started up his motor and began to back away from the appellant's automobile which was blocking the way, and the appellant hit at Strong with his fist but instead hit the glass in the automobile window and shattered the same.

According to appellant and his wife, they did not recognize Barron and Strong as being the referees of the game which they had witnessed that night but turned around and followed their automobile because it had been driven too close to them as they left the game. They stated that the appellant went back to the other automobile to ascertain the identity of the occupants, that the other automobile started up suddenly, and the appellant pushed himself away in order to avoid being run over, but denied that the appellant hit the window with his fist.

The jury resolved this disputed issue against the appellant, and we find the evidence sufficient to support the conviction.

Appellant in his brief contends that prosecutor read the complaint to the jury and introduced the same in evidence. He presented a bill of exception to the trial court certifying such facts; the court refused to approve the bill, returned the same to appellant with suggested corrections with which the appellant did not agree, and the court then filed its own bill which certified that the prosecutor picked up the complaint and read the caption only, that when his attention was directed to his error he laid the complaint aside and read the information. He certified that the jury heard not one word of the contents of the complaint

and knew nothing of the nature of the accusation until the information was read.

The appellant prepared and filed a bystanders' bill, and the state filed controverting affidavits. We must first determine the sufficiency of the bystanders' bill.

Section 9 of Article 2237, V.A.C.S., provides that such a bill should be attested to by three bystanders. The bill before us bears the signature of his two attorneys and Mrs. Leslie L. Avant, Jr. These three names must be stricken from the bill. In Cobb v. State, 127 Texas Cr. Rep. 504, 77 S.W. 2d 667, we find the following: "The word 'bystander' has been held to mean one who has no concern with the business being transacted; an uninterested looker-on." Appellant's attorneys and his wife do not come within such a definition. With these names stricken, a sufficient number do not remain to authorize our consideration of the bystanders' bill. The court's bill must control.

Finding no reversible error, the judgment of the trial court is affirmed.