Elbert CROWSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 35331.

Court of Criminal Appeals of Texas.

Feb. 13, 1963.

Levey & Goldstein, Abe San Miguel, San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $500.00.

We learn from the testimony of the State's witnesses as well as that of appellant that he had drunk vodka and beer on the night in question, following which he ran into the rear end of Benito Montoya's automobile containing his family. It was appellant's version of the incident that he thought Montoya was one of the persons who had driven by him at too high a rate of speed and in a dangerous manner and that he "ran into the back of his car to try to stop him and pull him over," and that after they came to a halt he realized his mistake and apologized.

The issue of appellant's intoxication was controverted. He testified that he had drunk three ounces of vodka before dinner and two and a half bottles of beer shortly before the collision but that he was not intoxicated.

Highway Patrolman Lafitte and Sergeant Wallasch testified that at the scene appellant confessed to them that he had drunk a half pint of vodka and that in their opinion, based upon his speech, his manner of walking and general demeanor, he was intoxicated.

█ The jury resolved the conflict in the evidence against appellant; we find it sufficient to support the conviction and shall discuss the contentions raised by brief and in argument.

█ Appellant first contends that the court refused to permit him to prove his reputation for sobriety. We must first determine if the question is properly before us. Appellant filed a bill of exception which recited that he offered the testimony of witnesses on the issue, that the State objected, and the court sustained such objection. The court refused to approve such bill and recited his reasons for failure to approve the same. Appellant refused to accept the court's reasons and filed a bystanders' bill. The bystanders' bill, as filed, was supported by the affidavits of himself and his two attorneys, who were not dis-

interested parties so as to authorize our consideration of the bystanders' bills. Avant v. State, 161 Tex.Cr.R. 577, 279 S.W.2d 863. The fact that the bill was attested, but not sworn to, by three other parties would not authorize its consideration. Ex parte Collins, Tex.Cr.App., 339 S.W.2d 67. In view of this state of the record, there is no bill of exception on the question which we may consider. Willis v. State, Tex.Cr.App., 336 S.W.2d 425.

Appellant next contends that the court erred in refusing to strike the testimony concerning the blood alcohol test. During appellant's cross-examination of Sergeant Wallasch, he asked him "what was the conversation" had between the witness, appellant and patrolman Lafitte. After the witness had related a portion of the conversation, he was asked, "All right. Anything else?" and the witness stated that he (Lafitte) "asked him did he want to take a blood alcohol test and he refused." No objection was made to the answer and no motion made at that time to withdraw the same from the jury's consideration. According to the court's qualification of the bill, the motion to strike was not made until after both sides had rested. Such a motion came too late to preserve error. Renfro v. State, 156 Tex.Cr.R. 400, 242 S.W.2d 772, and cases there cited. The record being in this condition, the court did not err in overruling appellant's objection to cross-examination of appellant concerning the same matter.

Appellant asserts, without citation of authority, that the court erred in refusing to permit him to question prospective jurors on voir dire whether they would give more weight to the testimony of police officers than to the testimony of laymen. In the absence of a showing of injury, no error is reflected by the ruling of the court. Livingston v. State, Tex.Cr.App., 214 S.W.2d 119, and Grizzell v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816.

Appellant's last contention relates to the refusal of the court, after both sides had rested, to permit him to call a doctor to testify. The bill does not recite, nor does the record reflect, that the witness had been summoned or was in attendance at court. Walker v. State, 91 Tex.Cr.R. 507, 240 S.W. 538. By declining to produce the testimony of such witness at the hearing on his motion for new trial, appellant has failed to make a showing to the trial court and to this Court that he was deprived of evidence which would have been helpful to his defense. Heidingsfelder v. State, 128 Tex.Cr.R. 351, 81 S.W. 2d 510, and cases there cited. Nowhere in the record do we find any statement of the witness himself as to what he would have testified to had he been present and testified. Hawkins v. State, 102 Tex.Cr. R. 468, 277 S.W. 1067. From the record before us, we are unable to reach the conclusion that the trial court was in error in refusing to reopen the case.

Finding no reversible error, the judgment of the trial court is affirmed.