**Edward Atwell FITCH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37399.**

Court of Criminal Appeals of Texas.

Dec. 9, 1964.

Wm. J. Kershner, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and James C. Brough, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted of unlawfully carrying a pistol and his punishment assessed at a fine of $175.

On appeal to this court the judgment of conviction was affirmed in an opinion delivered March 25, 1964, and reported in Fitch v. State, Tex.Cr.App., 378 S.W.2d 313.

The judgment recited that appellant pleaded guilty to the charge contained in the information. In his motion for rehearing, appellant made application for a writ of certiorari directed to the trial court, requiring him to forward to this court a corrected judgment showing that, in fact, appellant entered a plea of not guilty to the information.

In our opinion on motion for rehearing it was pointed out that the trial court was powerless to enter such an order while the case was on appeal and the motion for rehearing was overruled without prejudice to appellant's right to secure, if he could, the entry of a judgment nunc pro tunc by the trial court, from which he might again appeal to this court.

After delivery of the opinion, a judgment nunc pro tunc was entered in the cause by the trial court, on May 21, 1964, which recites that appellant in open court pleaded *not guilty* to the charge contained in the information, and further recites

that "The Court having heard the Information read and evidence submitted, finds the defendant guilty of Unlawfully carrying a Pistol, a misdemeanor, and assesses the punishment at a fine of $175.00."

From the entry of such nunc pro tunc judgment, appellant presents this appeal.

The record is again before us without a statement of facts and there is nothing in the record to support appellant's claim that the trial court did not have a court reporter present and available at the trial to report the testimony adduced or to support the claim that the court refused to approve the appellant's statement of facts. Further, there is nothing in the record to support appellant's claim that the trial court abused his discretion in finding him guilty.

There are no formal bills of exception, but the record does contain the same purported bystanders' bill of exception that was before us on the first appeal, which purports to show the evidence adduced at the trial by both the state and the appellant.

An examination of the bill reflects that it is signed and attested by appellant's counsel and two others.

█ █ The Code of Criminal Procedure makes applicable Rule 372(j) of the Texas Rules of Civil Procedure, which requires that a bystanders' bill be attested by three bystanders. A "bystander" is defined as one who stands near and one who has no concern with the business transacted. Chance v. State, 125 Tex.Cr.R. 318, 68 S. W.2d 212. Such definition excludes an attorney for the accused. Walker v. State, Tex.Cr.App., 227 S.W. 308; Avant v. State, 161 Tex.Cr.App. 577, 279 S.W.2d 863.

The bill, not being attested by the required number of bystanders, cannot be considered.

The judgment is affirmed.

Opinion approved by the court.