**C. H. HUNTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45056.**

Court of Criminal Appeals of Texas.

June 14, 1972.

John F. Pichinson by Robert S. Dickey, Corpus Christi, for appellant.

J. Taylor Brite, Dist. Atty., Jourdanton, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for felony theft where the punishment was assessed at 4 years.

The sufficiency of the evidence is not challenged and a recitation of the facts is unnecessary. Both of appellant's grounds of error relate to the voir dire examination of the jury panel.

▪ Initially, appellant urges that the trial court erred in *refusing to sustain* challenges for cause to seven prospective jurors. He contends their interrogation during voir dire examination revealed them to be biased in favor of the State because of their personal or business relationship with the complaining witness, Everett L. Booe, Jr. See Article 35.16(a) (8), Vernon's Ann.C.C.P.

The record reflects that all seven prospective jurors had known the complaining witness for some time. Some had gone to school with him and others had dealt with him in business matters, etc. None of these jury panel members stated they were biased in favor of the State because of any present or past relationship with the complaining witness. In fact, each such prospective juror indicated he could be a fair and impartial juror in the case.

The record does not reflect that the appellant exhausted his peremptory challenges or that he was forced to accept jurors who were objectionable to him.

We find no error in the trial court's action in refusing to sustain the challenges for cause. See Article 35.21, Vernon's Ann.C.C.P.

▪ Next, appellant claims the court erred in refusing to permit him to propound the following question to prospective jurors who stated they had personal or business relationship with the complaining witness:

"By virtue of your personal knowledge of the truthfulness of Mr. Booe, would you place greater credence on his testimony than you would on someone who contradicted him whom you did not know?"

The question, as framed, was an attempt to require the prospective jurors to commit themselves as to how they would pass upon the credibility of the witnesses prior to trial and the receipt of evidence. As framed, the question was improper and the court did not abuse its discretion in refusing to permit the same to be asked. See 35 Tex.Jur.2d, Jury, § 117, p. 172. Further, in absence of a showing of injury, no error is reflected by the ruling of the court. See Crowson v. State, 364 S.W.2d 698 (Tex.Cr.App.1963).

The judgment is affirmed.