**Fidel Lozano HERNANDEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47764.**

Court of Criminal Appeals of Texas.

April 24, 1974.

Rehearing Denied May 22, 1974.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Sam C. Bashara, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon Armstrong, Stephen P. Takas, Jr., Stephen Allison, Asst. Dist. Atty., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of sale of heroin. The court assessed his punishment at fifteen years' imprisonment.

In view of our resolution of the contention urged in appellant's second ground of error, we need not discuss the other matters raised in his brief.

[redacted] Appellant contends that the trial court unduly restricted his right to voir dire examination when he was not allowed to ask a certain question of the prospective jurors.

The question sought to be propounded was as follows:

"Is there any member of the panel who, regardless of what the evidence showed in any case, could not believe that a police officer was telling a willful falsehood from the witness stand?"

This Court has repeatedly held that the right to propound questions on voir dire, in order to intelligently exercise peremptory challenges, is of the greatest importance. See the discussion and cases cited in De La Rosa v. State, 414 S.W.2d 668 (Tex. Cr.App.1967). While we have held that a showing of injury is necessary when the right is restricted, Crowson v. State, 364 S.W.2d 698 (Tex.Cr.App.1963), and that there is no error when an improperly framed question is denied, Hunter v. State, 481 S.W.2d 137 (Tex.Cr.App.1972), we have not retreated from the holdings of the cases cited in De La Rosa v. State, supra.

The court erred in refusing to allow the question to be asked.

In Hunter v. State, supra, the question sought to be propounded was as follows:

"By virtue of your personal knowledge of the truthfulness of Mr. Booe, would you place greater credence on his testimony than you would on someone who contradicted him whom you did not know?"

Our opinion emphasized that the question was improper *as framed,* and by this emphasis clearly implied that such a question would not be *per se* improper. The question, by its specificity, clearly required a prospective juror to commit himself in answering it. The question in the instant case, however, merely inquires of a prospective juror, in general terms, whether he could conceive of the possibility that a police officer-witness might lie from the stand.

■ Further, unlike the situation in Crowson v. State, supra, we have not been presented with a record showing no injury.

As in De La Rosa v. State, supra, this appellant filed a written motion requesting the court's permission to ask the question at issue on voir dire. The motion was denied. Appellant then sought additional peremptory challenges, which were denied. He then sought to perfect a bill of exception, while the prospective jurors were present, showing what their answers would have been. The court refused to allow him to do so. He later informed the court that he had been required to take two objectionable jurors. Finally, the court refused to honor his request that a transcript of the voir dire examination be included with the record on appeal. As in De La Rosa v. State, supra, this appellant has, in effect, been denied an effective opportunity to show harm. See also Mathis v. State, 167 Tex.Cr.R. 627, 322 S.W.2d 629 (1959).

For the reasons stated, the judgment is reversed and the cause remanded.

ODOM, Judge (concurring).

I concur in the opinion of the majority that reversal is called for due to the trial court's improper restriction of appellant's voir dire examination of the prospective jurors. While the defense should be permitted to ascertain whether prospective jurors would give unwavering credibility to any witness because of his membership in a class, such as peace officer or minister, regardless of what the evidence may show, no particular form of question is being enshrined as being always in order. As the dissent properly points out, the jury selection process is already, in many cases, too long and drawn out. I do not understand the majority position, however, as adding a particular question to some check list of permissible questions, each of which may in every case be asked. The trial court properly may limit examination of prospec-

tive jurors to reasonable bounds to avoid undue prolongation, and within reasonable bounds counsel has the duty to budget his time. But when counsel is not prolonging the examination beyond reasonable bounds, he may pose any proper question he desires. The majority, as I understand it, holds the propounded question was proper in all respects.

I therefore concur.

MORRISON, J., joins in this concurrence.

DOUGLAS, Judge (dissenting).

The majority by its opinion allows counsel for the defense to try the prospective witnesses in advance of the trial. The logical conclusion from such holding is that counsel for the State may try prospective defense witnesses before selecting the jury. Would it now follow the majority opinion for the prosecutor to ask the prospective jurors if a defendant became a witness whether they could believe that he would tell a falsehood from the witness stand? Would not the same question be proper concerning the mother, wife, or other prospective witnesses for a defendant?

Under our procedure, we now have a two-stage or bifurcated trial. Under the decision of the majority, it appears that we will probably have a four-stage or quadrifurcated, or at least some sort of hydra-headed trial. The defense may try the credibility of State's witnesses and the State may try the credibility of defense witnesses before the prospective jurors. After this has been completed, the two-stage trial heretofore adopted by the Legislature will commence.

Witnesses take the oath to tell the truth. After the jurors hear their testimony, it is then for a juror to determine who is credible and not before. Until today this has been the rule.

The majority cites De La Rosa v. State, 414 S.W.2d 668, as its leading case. There the trial court limited the voir dire examination of the jury panel to 30 minutes. The additional questions sought to be propounded by defense counsel in that case were not set out in the opinion. The case was not reversed for the refusal to permit any particular questions. So there will not be any question of what the Court held, the holding is quoted as follows:

"Given the circumstances of this cause, we conclude that *the imposition of the strict time limitation was unreasonable,* and that the able and learned trial judge fell into error." (Emphasis supplied)

How is that holding applicable here?

In the present case, the question sought to be propounded to the jury panel was:

"Is there any member of the panel who, regardless of what the evidence showed in any case could not believe that a police officer was telling a wilful falsehood from the witness stand?"

The conduct of voir dire examination is largely within the discretion of the trial court and except in a clear case of abuse, a ruling on the question that is within such discretionary power will not be reversed by the appellate court. See 35 Tex.Jur.2d, Jury, Section 117, page 172. In Crowson v. State, 364 S.W.2d 698, this Court held that the trial court did not err in refusing to permit the defendant to question prospective jurors on voir dire whether they would give more weight to the testimony of police officers than to the testimony of laymen, absent a showing of injury. In Hunter v. State, 481 S.W.2d 137, we upheld a trial court's refusal to permit defense counsel to inquire of prospective jurors who admitted knowing the complaining witness whether they would give greater credence to his testimony because they knew him than to that of another witness whom they did not know. We found the question to be improper, stating:

"[t]he question, as framed, was an attempt to require the prospective jurors to

commit themselves as to how they would pass upon the credibility of the witnesses prior to trial and the receipt of evidence." Id, at page 138.

The question appellant sought to ask prospective jurors in this case was but another mode of attempting to commit the jury in advance as to the weight they would give the testimony of certain witnesses. As such, the question was improper and abuse of discretion is not shown in the trial court's refusal to permit it.

It is the duty of the trial courts to confine the examination of prospective jurors within reasonable limits. If this were not so, some trials would never terminate. Grizzell v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816.

The Hunter and Crowson cases are neither distinguished nor overruled by the majority.

The majority ignores applicable authority to add this (and perhaps any other similar) question to those permissible in the already too long and drawn out jury selection process.

This conviction should be affirmed.