**Noe H. TREVINO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54148.**

Court of Criminal Appeals of Texas,
Panel No. 1.

April 5, 1978.

Dissenting Opinion on State's Motion for
Rehearing Denied Nov. 1, 1978.

David C. Kellum, San Antonio, on appeal
only, for appellant.

Ted Butler, Dist. Atty., Keith W. Burris,
Donald A. Clowe and Roy R. Barrera, Jr.,
Asst. Dist. Attys., San Antonio, for the
State.

Bill White, Dist. Atty., Keith W. Burris,
Lawrence R. Linnartz and H. Wayne Camp-
bell, Asst. Dist. Attys., San Antonio, for the
State on rehearing.

Before TOM G. DAVIS, DALLY and W.
C. DAVIS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for
the offense of burglary; the punishment,
which is enhanced by two prior convictions,
is imprisonment for life.

In two grounds of error the appellant
asserts that the trial court would not allow
his counsel to make a proper inquiry of jury
panel members during the voir dire exami-
nation. He argues that he could not prop-
erly use his peremptory strikes since the
court would not let him ask the prospective
jurors whether they would give more
weight and credit to the testimony of law
enforcement officers, merely because they
were law enforcement officers, than to the
testimony of other witnesses.

After the court had sustained an objec-
tion to a similar question to another juror
defense counsel asked a prospective juror:
"Do you think, merely because that person
is a police officer, do you think you would
pay or give more weight to his testimony
than someone who was not a policeman?"
The court sustained the State's objection to
this question and instructed defense counsel
not to ask that question again.

The constitutional rights to counsel
and trial by jury carry with them the right

of counsel to interrogate the members of the jury panel for the purpose of enabling counsel to exercise intelligently his peremptory challenges. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974); *Mathis v. State*, 167 Tex.Cr.R. 627, 322 S.W.2d 629 (1959); *Plair v. State*, 102 Tex.Cr.R. 628, 279 S.W. 267 (1926); *Reich v. State*, 94 Tex.Cr.R. 449, 251 S.W. 1072 (1923). As a general rule, great latitude should be allowed for such interrogation. *McGowen v. State*, 163 Tex.Cr.R. 587, 290 S.W.2d 521 (1956); *Cochran v. State*, 130 Tex.Cr.R. 382, 94 S.W.2d 471 (1936). However, the trial judge has the authority to limit the scope of voir dire, and the test for ascertaining harm in such cases is whether the trial judge's limitation amounted to an abuse of discretion. *Emanus v. State*, 526 S.W.2d 806 (Tex.Cr.App. 1975); *Smith v. State*, supra.

In the instant case, four police officers were witnesses and their testimony was an important part of the State's case. Under the circumstances, knowing whether or not each of the prospective jurors would give greater weight to the testimony of police officers, merely because they were police officers, than to the testimony of non-officers would have enabled appellant's counsel to exercise more intelligently his peremptory challenges. The question propounded by appellant's counsel did not exceed the proper scope of voir dire, cf. *Hunter v. State*, 481 S.W.2d 137 (Tex.Cr.App. 1972), and because this restriction of appellant's voir dire examination extended to the entire jury panel, injury to appellant is clearly shown. *Emanus v. State*, supra. We hold that by sustaining the State's objection to the question and instructing appellant's counsel not to ask the question again, the trial court abused its discretion. See *Smith v. State*, supra; *Abron v. State*, 523 S.W.2d 405 (Tex.Cr.App.1975); *Hernandez v. State*, 508 S.W.2d 853 (Tex.Cr.App. 1974).

*Smith v. State*, supra, which holds that a defendant need not prove harm by showing his peremptory challenges were exhausted or that he had to accept an objectionable juror overruled sub silentio *Crowson v.*

*State*, 364 S.W.2d 698 (Tex.Cr.App.1963), where without further discussion it was said no harm was shown when the trial court sustained an objection to a question during jury voir dire which was similar to the question considered in this case.

The judgment is reversed and the cause remanded.

EN BANC.

STATE'S MOTION FOR REHEARING

DOUGLAS, Judge, dissenting.

The majority overrules the motion for rehearing without written opinion.

On original submission a majority reversed the conviction because the trial court disallowed a question during voir dire examination with respect to whether a prospective juror would give greater weight to the testimony of policemen than to other witnesses. The State contends that the question as framed was an improper attempt to require the prospective juror to commit herself as to how she would pass upon the credibility of the witnesses prior to trial and the receipt of evidence. We should grant the State's motion for rehearing, affirm the conviction and hold that the court did not abuse its discretion in refusing to allow defense counsel to ask the question.

Prospective juror Rose Mary Nicklin testified that she knew some policemen but that she did not know any of the witnesses in this case. Shortly thereafter, defense counsel asked the following:

"Now, the State is going to have policemen testify. Do you think, merely because that person is a police officer, do you think you would pay or give more weight to his testimony than someone who was not a policeman?"

The court sustained the prosecutor's objection and instructed defense counsel not to ask the question again.

In the opinion on original submission, the majority noted that four police officers were witnesses and that their testimony was an integral part of the State's case.

The panel then reasoned that the question propounded by defense counsel did not exceed the proper scope of voir dire under these circumstances and that the court abused its discretion in curtailing his intelligent use of peremptory challenges.

The majority fails to recognize that asking a venirewoman what weight she will attach to the testimony of a certain class of persons improperly requires her to pass upon the credibility of witnesses who are members of that class before she has heard their testimony or viewed their demeanor. In upholding the original decision the result will be that counsel can, in effect, try their cases during the voir dire examination.

In *Denning v. State*, 110 Tex.Cr.R. 153, 8 S.W.2d 150 (1928), several prospective jurors were friends of the State's witnesses but did not know the defendant. During the voir dire examination defense counsel sought to ask the prospective jurors whether, in the event of a conflict in testimony, they would give the same weight to the testimony of witnesses who were strangers to them as they would to witnesses with whom they were acquainted. The trial court refused to permit counsel to make this inquiry and instructed him that he could inquire whether the prospective jurors' acquaintance with the State's witnesses might influence their verdict or whether they were biased in favor of the State.

The defendant contended on appeal that the court abused its discretion in disallowing the question relative to the weight the jurors would give to the witnesses' testimony. This Court found no abuse of discretion and affirmed the judgment of conviction. The Court reasoned as follows:

" . . . The question sought to be asked the jurors would have required them to have passed upon the credibility of the witnesses and the weight to be given to their testimony before the testimony of such witnesses had been heard. If the question was proper, which is not conceded, the line of interrogation which the court advised [defendant's] counsel he might pursue would have enabled [defendant] to intelligently exercise his peremptory challenges as well as to interpose challenges for cause." 8 S.W.2d at 151.

The rationale of *Denning* has been followed by this Court in recent decisions. In *Hunter v. State*, 481 S.W.2d 137 (Tex.Cr. App.1972), the trial court refused to permit defense counsel to ask the prospective jurors whether they would give greater weight to the testimony of the complaining witness than to the testimony of another witness in the event of a conflict. We upheld the trial court on appeal and concluded that such questioning was improper because it requires a commitment from the veniremen as to how they would pass upon the credibility of the witness prior to the receipt of testimony.

In *Hughes v. State*, 562 S.W.2d 857 (Tex. Cr.App. 1978), the trial court appointed two psychiatrists to examine the defendant prior to trial. The defense counsel, anticipating that psychiatrists would testify for the State at the punishment phase of the trial, sought to question several prospective jurors with regard to "how they would feel concerning psychiatric testimony" and "if they heard certain psychiatric testimony, would that influence them in any way." The court disallowed this line of questioning and refused to permit counsel to ascertain the prospective juror's attitudes about psychiatric opinion testimony.

On appeal, the defendant contended that the trial court had improperly restricted his voir dire examination of the jury panel and that consequently he could not intelligently exercise his right to make peremptory challenges. Reasoning that this type of examination "constituted an improper attempt to require the prospective jurors to commit themselves as to how they would pass upon the credibility of the psychiatric witnesses prior to trial . . . ", we held that the trial court properly disallowed the questions. See also, *Hernandez v. State*, 508 S.W.2d 853 (Tex.Cr.App. 1974) (dissenting opinion).

In *Denning, Hunter* and *Hughes*, the question counsel sought to ask in the present case was properly disallowed. This question was nothing more than a mode of

requiring the prospective juror to commit herself as to the weight she would attach to the testimony of certain witnesses.

In failing to grant the State's motion for rehearing, the majority sanctions any line of questioning whereby jurors are asked to commit themselves regarding the credibility of witnesses whose testimony they have not even heard or whose demeanor they had not even seen. If the majority opinion is carried to its logical conclusion, a trial court could be compelled to permit counsel to inquire, for example, whether the prospective jurors would give greater weight to testimony of a psychiatrist than to a layman, to a surgeon than to a general practitioner, to an in-county witness than to an out-of-county witness, to a member of one race than to a member of another race. Essentially, this will allow counsel to try disputed factual issues prior to the receipt of testimony and would unnecessarily lengthen voir dire proceedings. Accordingly, I conclude that the question as framed in the present case was improper and that the court did not abuse its discretion in disallowing it.

An affirmance of this case would not impair defense counsel's right to exercise intelligently his peremptory challenges. See, *Smith v. State*, 513 S.W.2d 823 (Tex.Cr. App. 1974). Counsel for both the State and the accused would continue to have great latitude in interrogating prospective jurors for the purpose of ascertaining whether they are biased or prejudiced. See, Article 35.16. V.A.C.C.P. Moreover, we would be reaffirming the fundamental notion that jurors are not to determine which witnesses are credible before they have heard the witness' testimony.

This is not a case where the prospective jurors were being asked about a bias in favor of or against a class of witnesses, but one where counsel wanted to find out before trial which witnesses one might believe.

The State's motion for rehearing should be granted and the judgment affirmed.

VOLLERS, J., joins in this dissent.