Rodolfo DeLEON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–346–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 9, 1993.

Discretionary Review Refused March 16, 1994.

---

Bill May, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, C.J., and GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

*OPINION*

GILBERTO HINOJOSA, Justice.

Appellant, Rodolfo DeLeon, was convicted of aggravated robbery with a deadly weapon and, with two enhancement counts, was sentenced to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. By one point of error, appellant challenges the trial court's judgment. We affirm.

On October 7, 1991, two armed men robbed a Corpus Christi business as well as the two female employees on duty and a customer who walked into the store while the robbery was in progress. A description of the getaway vehicle led to the arrest of a former employee who, in turn, named appellant and another man as the ones in the robbery. A few days after the robbery, one of the employees and the customer were able to identify appellant and his alleged accomplice in photo lineups. Four months after the robbery, neither woman could identify appellant in a live line up. Then, one month later, the two women recognized appellant in court during a bond reduction hearing.

At trial, the two women identified appellant in court. However, appellant's alleged accomplice, who had pleaded guilty to the offense, denied that appellant was involved. Also, the former employee attempted to retract his earlier statement that appellant was the other man involved in the robbery.

Appellant's sole point of error on appeal is that the trial court abused its discretion during voir dire when it sustained the State's objection to a proper question. During appellant's general voir dire, the following transpired:

[appellant's attorney]: ... Does anybody think it's too long a period of time to wait before the victim is able to identify the alleged Defendant? That is between October, November, December, January and those three months *is that too long to wait before a victim should be able to identify the Defendant?*

[prosecutor]: I'm going to object. Now, *he's trying to commit the ladies and gen-*

*tlemen before they listen to the evidence.* And again he's referring to specific facts. [court]: That's true. I'm going to sustain the objection.

It is this transaction that forms the basis of this appeal.

 A defendant's constitutional right to counsel inherently includes under Article I, § 10 of the Texas Constitution the right of the defendant's counsel to question the voir dire panel "in order to intelligently exercise peremptory challenges." *Smith v. State,* 703 S.W.2d 641, 643 (Tex.Crim.App.1985). When a defendant complains on appeal that he was improperly restricted on voir dire, the standard of review is whether the trial court abused its discretion. *Woolridge v. State,* 827 S.W.2d 900, 904 (Tex.Crim.App.1992) (quoting *Nunfio v. State,* 808 S.W.2d 482, 484 (Tex.Crim.App.1991)); *see also Smith,* 703 S.W.2d 641. In determining whether the trial court abused its discretion, reviewing courts look to the propriety of the question which the defendant sought to ask. *Id.* When abuse of discretion is found, it is not subject to a harm analysis under Tex. R.App.P. 81(b)(2) but, instead, results in automatic reversal. *Maddux v. State,* 862 S.W.2d 590 (Tex.Crim.App.1993); *Nunfio,* 808 S.W.2d at 485.

 Generally, a question during voir dire is proper if it seeks to discover a juror's views on an issue applicable to the case. *Woolridge,* 827 S.W.2d at 904. Questions which probe into bias and prejudice against the applicable law are permissible. *Hogue v. State,* 711 S.W.2d 9, 27 (Tex.Crim.App.1986). However, a veniremember may not be asked what he or she would do at any particular stage of the trial under a given set of facts. *Allridge v. State,* 762 S.W.2d 146, 163 (Tex. Crim.App.1988), *cert. denied,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989); *White v. State,* 629 S.W.2d 701, 706 (Tex. Crim.App.1981), *cert. denied,* 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982); *Saunders v. State,* 780 S.W.2d 471, 476 (Tex. App.—Corpus Christi 1989), *rev'd on other grounds,* 840 S.W.2d 390 (Tex.Crim.App. 1992). A question based on facts peculiar to the case on trial may be properly excluded if it requires jurors to commit themselves be-

fore hearing the evidence of the case. *Hernandez v. State,* 508 S.W.2d 853, 854 (Tex. Crim.App.1974); *Hunter v. State,* 481 S.W.2d 137, 138 (Tex.Crim.App.1972); *Beaver v. State,* 736 S.W.2d 212, 214 (Tex.App.—Corpus Christi 1987, no pet.). For example, a question which requires jurors to commit themselves as to how credible they would find a particular witness is improper. *Hunter,* 481 S.W.2d at 138.

 In this case, part of appellant's trial strategy was to impeach the accuracy of the eye witnesses' identification of appellant after four months had passed. Accordingly, the ability to identify a person after four months was an issue in the case. The form of appellant's question during voir dire required the panel to commit one way or another on the issue of whether they believed that a witness could identify a perpetrator after four months had passed. Appellant's counsel asked, "Is that too long to wait before a victim should be able to identify the Defendant?" This question is impermissible because it requires veniremembers to pledge a particular response when the same facts come up in the impending trial. *Allridge,* 762 S.W.2d at 163.

We hold that the question sought to be asked by appellant was an improper one and that the trial court did not abuse its discretion in sustaining the State's objection to prohibit the question. Appellant's sole point of error is overruled.

The judgment of the trial court is AFFIRMED.