In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-543 CR


NO. 09-03-544 CR


____________________



TONY DORSETT MILES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Court Cause No. 14,662 and 17,216






MEMORANDUM OPINION



 A jury found Tony Dorsett Miles guilty of possession of a controlled substance,
with intent to deliver. On that same date, the trial court also found the allegation in the
State's Motion to Adjudicate guilt in a 1997 robbery case against Miles was true. Miles
was sentenced to eight (8) years in prison for robbery and two (2) years for the possession
offense. The trial court ordered the sentences to run concurrently. Miles appeals from
both convictions. 

 Appellant presents one issue: the trial court "erred in refusing Mr. Miles' request
for additional peremptory strikes." Under issue one, Miles also argues his voir dire
inquiry was erroneously restricted. He says trial counsel was not allowed to question all
the venire members agreed upon by defense counsel and the trial judge. Conduct of voir
dire rests largely within the sound discretion of the trial court. See Boyd v. State, 811
S.W.2d 105, 115 (Tex. Crim. App. 1991) (citing Mays v. State, 726 S.W.2d 937 (Tex.
Crim. App. 1986)). Even though the accused's right to question a venire member freely
and broadly should never be unnecessarily limited or restricted, trial courts may impose
reasonable restrictions on the exercise of voir dire examination. See Boyd, 811 S.W.2d
at 115 (citing Faulder v. State, 745 S.W.2d 327, 334 (Tex. Crim. App. 1987)). Without
reasonable limits, voir dire could go on forever. See Faulder, 745 S.W.2d at 334. 
Although a statute mandates individual voir dire in a "capital felony case," there is no such
requirement for non-capital cases. See Tex. Code Crim. Proc. Ann. art. 35.17 (Vernon 
Supp. 2005). Texas courts, however, consider individual voir dire of panel members to
be a valuable right and do not regard general voir dire as an equivalent. See De La Rosa
v. State, 414 S.W.2d 668, 671-72 (Tex. Crim. App. 1967). The trial court's task is to
harmonize the defendant's right to effective, individual voir dire with the court's interest
in imposing reasonable restrictions on the exercise of voir dire examination. See Ratliff
v. State, 690 S.W.2d 597, 599 (Tex. Crim. App. 1985). 

 Initially, defendant's attorney asked how many of the venire panel believed a police
officer had more credibility because of his job. This is a proper area of inquiry. See
Hernandez v. State, 508 S.W.2d 853, 854 (Tex. Crim. App. 1974). Fourteen venire
members raised their hands in response to defense counsel's question. Defense counsel
then asked the panel how many intended to stick with the presumption in favor of the
officer. Seven raised their hands. The trial judge called for voir dire of these seven
jurors, plus seventeen others. After several individual voir dires, the trial judge, in an
effort to explain the law to the panel and to more efficiently handle the voir dire process, 
read an instruction regarding witness credibility to the entire panel. The trial judge then
asked who still would give "more credibility to a police officer." Five raised their hands.
The trial judge, prosecutor, and defense counsel then conducted individual voir dire on
those five.

 Appellant appears to argue he should have been able to individually voir dire the
twenty-four jurors he and the judge initially "agreed upon." However, out of the twenty-four, only seven had indicated before individual questioning began that they believed police
officer testimony is inherently more credible. Defense counsel conducted individual voir
dire on the credibility issue on each of those seven venire members (two prior to the
reading of the instruction and five afterward). The trial court imposed no time limit on
those individual voir dires, and the subject of police officer credibility was thoroughly
discussed. None of the seven sat on the jury: the trial judge struck three for cause, and
defense counsel exercised peremptory challenges on four. The trial judge did not abuse
his discretion in refusing to allow appellant to voir dire all twenty-four venire members on
the police officer credibility issue. 

 Appellant next argues the trial judge should have retracted her ruling because at
least one venire member (Roy Hart) misunderstood the instruction. After questions by the
trial judge, prosecutor, and defense counsel, the record reveals Hart understood the
credibility instruction. Appellant argues trial counsel should have been allowed to question
other venire members to see if they misunderstood the instruction. However, defense
counsel never asked to examine any of the other venire members on their understanding
of the instruction.

 Miles' argument seems to be that if the trial court had not curtailed individual voir
dire, he would have been able to further question jurors, properly challenge individual
jurors for cause, and establish entitlement to additional peremptory challenges. (1) Because
we conclude the trial court did not err in its conduct of voir dire and did afford Miles the
due process in jury selection to which he was entitled, the issue is overruled.

 The conviction for possession of a controlled substance, with intent to deliver, in
trial cause number 17,216 is affirmed. Although a notice of appeal was filed, appellant
presented no issues or arguments on appeal regarding the robbery conviction in trial cause
number 14,622, and has waived any error. We also affirm that conviction. 

 AFFIRMED.

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on January 26, 2005

Opinion Delivered February 16, 2005

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.

1. A defendant is not entitled to additional peremptory strikes unless he first shows his
challenge for cause should have been granted. Loredo v. State, No. 1075-03, 2004 WL
743833, at *3. (Tex. Crim. App. April 7, 2004). To the extent that Miles argues he was
entitled to additional peremptory strikes based on the trial court's denials of his specific
challenges for cause below, Miles does not address those individual juror challenges on
appeal.